491 A.2d 1352

COMMONWEALTH of Pennsylvania, Appellant,

v.

Mahlon W. DRUMGOOLE, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 9, 1984.

Filed March 8, 1985.

Reargument Denied May 15, 1985.

Maxine Stotland, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Stanton M. Lacks, Doylestown, for appellee.

Before ROWLEY, McEWEN and HOFFMAN, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

In May, 1983, appellee Mahlon W. Drumgoole was convicted in a non-jury trial of robbery, aggravated assault and criminal conspiracy. During the robbery, which was committed on November 19, 1982, the sixty-one year old victim was shot by appellee's accomplice. At the subsequent sentence hearing, the Commonwealth requested that appellee be given a minimum sentence for robbery within the mitigated minimum range provided by the Pennsylvania Sentencing Guidelines. The mitigated minimum range provided by the Guidelines is thirty-nine (39) to sixty (60) months imprisonment. The trial court, however, imposed a five (5) year term of *probation* on the robbery charge and a concurrent sentence, on the aggravated assault charge, of "Time in to twenty-three (23) months". The "Time in", according to the trial court, was approximately two (2) months at the time of sentence. No sentence was imposed on the charge of conspiracy.

The Commonwealth filed a petition for reconsideration of sentence. The trial court vacated the sentence originally imposed but after further consideration reimposed the same sentence. The Commonwealth has filed this appeal claiming that the trial court, in imposing sentence, abused its discretion by unreasonably deviating from the Sentencing Guidelines. Since we agree, the judgment of sentence is vacated and the case remanded for resentencing.

■ Initially, it is important to consider whether the Commonwealth's appeal is properly before us. The Commonwealth claims that the appeal is taken pursuant to 42 Pa.C.S.A. § 742 and 42 Pa.C.S.A. § 9781(b). Section 742, however, does not grant a right of appeal to any party but merely provides for the exclusive appellate jurisdiction of this Court from final orders when a right of appeal exists. Section 9781, however, is part of the "Sentencing Code" and extends to the Commonwealth the right to appeal the discretionary aspects of a sentence imposed for a felony or a

misdemeanor. Section 9781(b) further provides, however, that an appeal of the discretionary aspects of a sentence is to be taken by filing a petition for allowance of appeal with the appropriate appellate court. The subsection goes on to provide that "[a]llowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." The Commonwealth has not filed a petition for allowance of appeal and this Court, prior to argument, had not determined that an appeal should be granted to the Commonwealth.

However, the Supreme Court of Pennsylvania by amendment to the Note following Pa.R.A.P. 902 provided:

Section 9781 of the Sentencing Code (42 Pa.C.S. § 9781) provides that the defendant or the Commonwealth may file a 'petition for allowance of appeal' of the discretionary aspects of a sentence for a felony or a misdemeanor. The notice of appeal under this chapter (see Rule 904 (content of the notice of appeal)) operates as the 'petition for allowance of appeal' under the Sentencing Code. It automatically raises all possible questions under 42 Pa. C.S. § 9781 and is available and appropriate even where no issue relating to guilt or the legality of the sentence (in the sense that the sentence falls outside of the range of discretion vested by law in the sentencing court) is presented. No additional wording is required or appropriate in the notice of appeal.

In effect the filing of the 'petition for allowance of appeal' contemplated by the statute is deferred by these rules until the briefing stage, where the question of the appropriateness of the discretionary aspects of the sentence may be briefed and argued in the usual manner.

At the same time, the Supreme Court amended the Note accompanying Pa.R.A.P. 341. As that Note now provides, in part:

Section 9781 of the Sentencing Code (42 Pa.C.S. § 9781) states that the defendant or the Commonwealth may 'petition for allowance of appeal' of the discretionary

aspects of a sentence for a felony or a misdemeanor. The practice under these rules is to file a notice of appeal. See Note to Rule 902 (manner of taking appeal). If the defendant has a right to an appeal with respect to the discretionary aspects of a sentence, the appellate court must, of course, entertain the appeal. Otherwise such an appeal may be entertained by an appellate court if, but only if, it appears to the court that there is a substantial question that the sentence imposed is not appropriate under the applicable guidelines.

Thus, although the Commonwealth, in seeking to appeal from the discretionary aspects of a sentence, may initiate such an appeal by merely filing a notice as required by Pa.R.A.P. 902, the appellate court, before proceeding to the merits of the issue raised by the appeal, must determine whether or not there is a substantial question that the sentence imposed is not appropriate under the Sentencing Guidelines. Our review of the record convinces us that a substantial question exists in this case and, therefore, the Commonwealth's appeal will be allowed.

■ The legislature has provided that the appellate court, in reviewing the discretionary aspects of a sentence on appeal, shall affirm the trial court's sentence unless it finds: (1) that the guidelines were erroneously applied; (2) that the sentence, even though within the guidelines, is "clearly unreasonable"; or (3) that the sentence, if outside the guidelines, "is unreasonable." In any one of these three circumstances, we are required to vacate the trial court's sentence and remand the case with instructions. 42 Pa.C. S.A. § 9781(c). In determining whether a particular sentence is "clearly unreasonable" or "unreasonable", the appellate court must consider the defendant's background and characteristics as well as the particular circumstances of the offense involved, the trial court's opportunity to observe the defendant, the pre-sentence investigation report, if any, the Sentencing Guidelines as promulgated by the Sentencing Commission, and the "findings" upon which the trial court based its sentence. After reviewing the record in this

case, we find that the guidelines were erroneously applied and that the trial court's "findings" do not warrant the sentence imposed.

■ On the charge of robbery, the trial court calculated the offense gravity score as nine (9) and the prior record score as zero (0). The minimum sentence range under those circumstances is thirty-six (36) to sixty (60) months imprisonment. The guidelines further provide that when a deadly weapon is used, either by the defendant or an accomplice, in the commission of the offense under consideration, an additional twelve (12) to twenty-four (24) months confinement *"shall be added"* to the sentence prescribed in the guidelines. 204 Pa.Code §§ 303.2(5) and 303.4 (deadly weapon enhancement). Inclusion of the deadly weapon enhancement provision evidences the Sentencing Commission's and the Legislature's recognition of the potential for violence and serious personal injury or death in such situations. Therefore, the minimum range of the applicable guideline sentence in this case is forty-eight (48) to eighty-four (84) months. This, then, was the starting point for the trial court in calculating an appropriate sentence under the applicable guidelines. In completing the sentence form and considering the guidelines, the trial court, however, determined that the deadly weapon enhancement provisions of the guidelines were *not* applicable. This was error. The sentencing court has not been given discretion to determine whether or not consideration should be given to the fact that a deadly weapon was used in calculating the guideline sentence ranges. Although the trial court is vested with the right, in the proper exercise of its discretion, to sentence outside the guidelines, it is imperative that before making that determination the correct starting point in the guidelines be determined. Since that was not done in this case, it is necessary that the sentence be reconsidered.[1]

1. The trial court did not complete the sentence form for, or make reference to, the calculation of a guideline sentence for the charge of aggravated assault. Nevertheless, it is clear that the sentence imposed is also outside the guideline range on that charge.

In addition we find that the sentence imposed is "unreasonable" and that the trial court's "findings" do not warrant going outside the guidelines *on the basis of the record before us.* The court is required, when imposing a sentence outside the guidelines, to provide a statement of the reason or reasons for the deviation. However, the reasons expressed by the sentencing court in this case are not adequate to support the sentence of probation, given that the most lenient guideline sentence applicable would require at least thirty-nine (39) months imprisonment. On the sentencing form, the trial court listed as its reasons for deviating from the guidelines:

"(1) lack of prior record;

(2) solid support at home;

(3) prior community activity; and

(4) not actual shooter"

The trial court's first reason for deviating from the guidelines is that the appellee lacked a prior record. However, the pre-sentence report, as well as the mental health evaluation, show that appellee has a prior conviction as an adult for harassment. Thus, the court erred in declaring that the defendant had *"no"* prior record. Moreover, the guidelines inherently give credit to those who have led a relatively law-abiding life. An accused's prior record, or lack thereof, is one of the two elements utilized in determining the guideline sentence ranges. The guideline sentence as computed in this case is based on a prior record score of zero (0). Thus, to assign the lack of, or even a minimal, prior record as a reason for deviating from the guidelines is to, in effect, give an accused credit for the same factor twice. Such an evaluation is error.

In addition, the basis for the trial court's conclusion that the appellee's "prior community activity" warranted the deviation from the guidelines is not clear. The trial court made no findings and made no specific comments about appellee's activities. The record shows that a friend of appellee stated that once, when he was twelve years old,

he lived with appellee's family and appellee helped him stay out of trouble. The defendant and his mother testified similarly, in conclusory terms. However, the record is not clear as to the nature or duration of such help or involvement by the appellee. In the absence of specific findings by the trial court regarding appellee's "community involvement," we cannot say that the deviation, for that reason, is reasonable.

 Finally, the trial court stated that the appellee was not the actual shooter. However, the record, viewed in the light most favorable to the Commonwealth, discloses that the appellee, when told by his accomplice that he was going to "pull a stickup", handed him a handgun which was used within minutes to shoot the victim of the robbery. The record also shows that at the time appellee gave him the gun, the accomplice appeared to be "high". There is a distinction between a conspirator who is surprised when his accomplice uses a firearm of which the conspirator had no prior knowledge, and a conspirator who furnishes the firearm with which the offense is committed. The fact that appellee's accomplice, rather than he, actually pulled the trigger makes very little difference under the facts of this case and does not warrant the extreme deviation from the guidelines that was adopted.

Therefore, we conclude that the order of probation, which is outside the Sentencing Guidelines, is unreasonable on the basis of the record before us. Consequently, the record must be remanded for resentencing. In resentencing appellee, the trial court must take into account the dangerous weapon provision of the guidelines, appellee's prior record, and the fact that appellee furnished the gun with full knowledge that it was to be used in a robbery. The court should also make findings regarding appellee's alleged "community involvement." Judgment of sentence vacated

and case remanded to the sentencing court for resentencing.[2]

Jurisdiction is relinquished.

**2.** Appellee also suggests that to grant the relief sought by the Commonwealth "would appear to be a violation of the Fifth Amendment Constitutional guarantee against double jeopardy." This argument has been resolved contrary to appellee's claim. *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), *Commonwealth v. Love,* 295 Pa.Super. 276, 441 A.2d 1230 (1982) (Hoffman, J., Concurring, joined by Cirillo, J.). *Also see Commonwealth v. Anderson,* 304 Pa.Super. 476, 450 A.2d 1011 (1982).