495 A.2d 956

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Allen HUTCHINSON.**

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed July 5, 1985.

Maxine J. Stotland, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Jeffrey P. Shender, Philadelphia, for appellee.

Before WIEAND, WATKINS and GEISZ,* JJ.

WATKINS, Judge:

This is an appeal by the Commonwealth from the imposition of sentence by the Court of Common Pleas of Philadelphia County in which the Commonwealth complains that the court below abused its discretion in sentencing the defendant-appellant, Allen Hutchinson, to five (5) years probation.

The facts of this case are very important: On January 6, 1984, the defendant was tried without a jury before the Honorable Michael E. Wallace. The evidence disclosed that three-year-old Alana Jackmon and her older brother, six-year-old T.H. Stiles, were visiting their grandmother, Dolores Edwards, during the weekend of November 11, 1982. Shortly after they arrived, Mrs. Edwards' nephew, William Jones, whom the children called Uncle Bully, took the children to his house to celebrate his son's birthday.

On the second night of their stay, Uncle Bully was working, Alana and T.H. were sleeping in the rear bedroom. T.H. saw the defendant, who was a boarder at William Jones' home, take his sister into the front bedroom. T.H.

---

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

heard his sister's screams and saw her lying on the bed face down with the defendant lying above her. T.H. saw the defendant put his penis in his sister's "butt". T.H. called to him to get off his sister. He then ran down to the kitchen for a kitchen knife and returned to the bedroom and threatened the defendant with the knife. The defendant then released Alana.

When the grandmother returned, she saw the defendant in the house and T.H. immediately told her what had happened. She immediately took Alana to Children's Hospital. The children at this time were three and six years of age, not ages four and seven as referred to by the court below.

At the sentencing proceeding, the Assistant District Attorney advised the court that the pre-sentence report contained a victim's statement by Alana's family indicating that she had been seriously traumatized by the sexual assault.

Under 42 Pa.C.S.A. § 9721(b), the sentencing court must consider the sentencing guidelines and, if the court deviates from the guidelines, must provide a contemporaneous statement of reasons for the deviation. The Commonwealth may appeal, 42 Pa.C.S.A. § 9781(b), and the appellate court may vacate and remand for re-sentencing where, as here, "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable". 42 Pa.C.S.A. § 9781(c)(3)

The Legislature, in establishing the Pennsylvania Commission on Sentencing and empowering it to promulgate sentencing guidelines, represents the culmination of efforts in the Legislature to reform existing laws which, until this enactment, had permitted wide disparity in the sentencing of defendants charged with the same crime. The primary purpose of the legislation was explained in "Fact Sheet" of the Legislature as follows:

The purpose of Senate Bill 195 is to make criminal sentences more rational and consistant and correspond with the seriousness of the crime ...

Guidelines will make sentences more determinate—and they will reflect what the sentencing commission and the General Assembly believes is the appropriate sentence in most cases.

■ The guidelines channel sentencing discretion and focus appellate review which is available to both parties, on the reasonableness of deviations from the presumptively appropriate range of sentences. In sum, only in exceptional cases and for sufficient reasons may a court deviate from the guidelines

Viewed against this background, it is clear that Judge Wallace's sentence, imposing a probationary term which was not even contemplated by the commission for the offense of involuntary deviate sexual intercourse, must be vacated and remanded for resentencing.

The crime involved here on a three-year-old child was a brutal sexual assault which included oral and anal sex which could only result in continuing trauma to this three-year-old girl. It was a horrible crime interrupted by her courageous six-year-old brother who threatened the defendant with a knife and so saved his sister from further abuse.

The defendant had no prior criminal record so the "prior record score" was zero. 204 Pa.Code § 303.7. The "offense gravity score" for involuntary deviate sexual intercourse is nine (9) while the court below mistakenly figured the "offense gravity score" to be five (5).

Pursuant to the guidelines, the mitigated minimum sentence range is, therefore, twenty-seven to thirty-six (27 to 36) months incarceration, the aggravated minimum range is sixty to seventy-five (60 to 75) months incarceration. 204 Pa.Code § 303.9(b).

The court's basis for the probationary sentence for this horrendous crime falls short of the requirements of the guidelines. The court below ignored the requirement of the section which mandates:

In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania

Commission on Sentencing pursuant to Section 2154 ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b).

■ Even assuming, however, that the court meant to rely on defendant's (1) psychological problems, (2) lack of prior criminal history and (3) a psychologist's suggestion that the defendant was apparently not dangerous, should seek employment, and would present no reporting problems if placed on probation, these do not constitute adequate reasons for deviating from the guidelines under the circumstances of this case and, most certainly, the sentence depreciates the seriousness of the offense.

Even the mitigated "guidelines" suggest that more than at least two (2) months imprisonment is appropriate for defendant's crimes. It follows that even if the court used the defendant's lack of a record to deviate from the guidelines, it was an unjustifiable deviation.

We find, therefore, that the court's failure to follow the sentencing guidelines constitutes an abuse of discretion.

Judgment of sentence is vacated and the appeal remanded for resentencing considering the guidelines. Jurisdiction relinquished.

WIEAND, J., concurs in the result.