497 A.2d 1357

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert FLUELLEN.**

Superior Court of Pennsylvania.

Submitted May 21, 1985.

Filed Aug. 30, 1985.

168

Eric B. Henson, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

Anthony D. Jackson, Philadelphia, for appellee.

Before CAVANAUGH, CIRILLO and HESTER, JJ.

HESTER, Judge:

In this appeal we consider whether the trial court abused its discretion in sentencing appellee, Robert Fluellen, by

unreasonably deviating from the Pennsylvania Sentencing Guidelines. We agree with appellant, Commonwealth of Pennsylvania, vacate the judgment of sentence and remand for resentencing.

On November 4, 1983, defendant/appellee was found guilty by a Municipal Court Judge of possession of a controlled substance, manufacturing a controlled substance with intent to deliver and conspiracy. He was sentenced to two and one-half to five years imprisonment on the delivery charge, a consecutive five year term of probation for conspiracy and a suspended sentence on the charge of possession.

Fluellen appealed and was tried *de novo* in the Philadelphia Court of Common Pleas on February 8, 1984. The Commonwealth established at trial that appellee sold three bags of cocaine to an undercover narcotics officer introduced to appellee by an informant. A search following appellee's arrest yielded 18 additional plastic packets of a white powder containing cocaine and one packet containing quinine and reducing sugar. Fluellen was again adjudged guilty of possession of a controlled substance and manufacturing a controlled substance with intent to deliver, but acquitted of conspiracy.

On May 1, 1984, appellee was sentenced to time served (approximately six months) to twenty-three and one-half months incarceration, to be followed by three years probation and inpatient drug rehabilitation. The Commonwealth filed a petition for reconsideration of sentence on May 11, 1984. However, neither the official court file nor the lower court docket entries revealed that such a motion had been filed. For this reason, the trial court held that the Commonwealth waived its argument that the sentence imposed unreasonably deviated from the sentencing guidelines.

■ A copy of the petition for reconsideration of sentence, revealing its date stamp of May 11, 1984, by the

Clerk of Quarter Sessions, is included in the record before us. It is accompanied by a stipulation to correct the record by the district attorney and counsel for appellee, in which the above facts are set forth. We find that appellant has sufficiently preserved this issue for our review.[1]

■ One other preliminary procedural matter requires comment. The Commonwealth initiated this appeal by filing a notice as required by Pa.R.A.P. 902. Before proceeding to the merits, we must determine whether or not there is a substantial question that the sentence imposed is inappropriate under the sentencing guidelines.

> [A]lthough the Commonwealth, in seeking to appeal from the discretionary aspects of a sentence, may initiate such an appeal by merely filing a notice as required by Pa.R. A.P. 902, the appellate court, before proceeding to the merits of the issue raised by the appeal, must determine whether or not there is a substantial question that the sentence imposed is not appropriate under the Sentencing Guidelines.

*Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 473, 491 A.2d 1352, 1354 (1985). As our review of the record convinces us that a substantial question exists in this case, we will permit the Commonwealth's appeal. *Id.*

Although appellee's juvenile record has been destroyed, his adult record begins shortly after his eighteenth birthday. Three of appellee's seven prior arrests (six of which were for drug-related offenses) resulted in convictions. As the prior convictions are classified as felony drug offenses, they each represent two points in the prior record score, resulting in a total prior record score of 6. Further, since cocaine is a Schedule II drug, 35 Pa.C.S. § 780–104(2), and appellee has three prior convictions for the manufacture, delivery or possession with intent to manufacture or deliver

---

1. On January 23, 1985, the lower court, motivated by the above-described stipulation of counsel, filed a supplemental opinion in which it addressed the merits of the issue raised by the Commonwealth.

a controlled substance, 35 Pa.C.S. § 780–115 applies, resulting in an offense gravity score of 6. The Commonwealth asserts that with these scores, the relevant range under the sentencing guidelines is a minimum sentence of 33 to 49 months imprisonment, an aggravated range of 49 to 61 months imprisonment, or a mitigated sentence of 25 to 33 months imprisonment.[2]

■ As noted *supra,* the lower court sentenced appellee to time served (six months) to twenty-three and one-half months. On the basis of the record before us, we find that the sentence is outside the guidelines and is unreasonable. 42 Pa.C.S. § 9781(c)(3). As this court recently stated,

> The guidelines channel sentencing discretion and focus appellate review which is available to both parties, on the reasonableness of deviations from the presumptively appropriate range of sentences. In sum, *only in exceptional cases* and for sufficient reasons may a court deviate from the guidelines.

*Commonwealth v. Hutchinson,* 343 Pa.Super. 596, 599, 495 A.2d 956, 958 (1985) (emphasis added).

A reading of the sentencing transcript, and the supplemental opinion filed January 23, 1985, reveals that the lower court was chiefly concerned with Mr. Fluellen's drug addiction. Although drug rehabilitation programs are available within our penal institutions, the trial judge in this case apparently doubts their effectiveness.[3] This observation,

---

**2.** Appellee could have received up to ten years imprisonment under the statutory provisions. *See* 35 Pa.C.S. §§ 780–113(f)(2) and 780–115(a).

**3.** In response to the assistant district attorney's suggestion that appellee could receive rehabilitation for his drug addiction while incarcerated, the trial judge stated,

My concern is how good are the programs, the drug treatment programs that they have in the institution that he would be sent to?

I know the State institutions are not all that great and the local institutions are not as good as the State institutions in terms of inpatient—it's going to be inpatient drug rehabilitation.

(Sentencing Transcript at 5).

though perhaps warranted, is insufficient to support the sentence imposed herein.

Robert Fluellen, at 37 years of age, was convicted on drug charges four times, and prior to the instant conviction had never been sentenced to a period of incarceration. (Reproduced Record at 6–7a, 15a). By his own admission, he participated in drug programs before, without success. Appellee admitted to participation in one such program at the sentencing hearing, while the Mental Health Evaluation done by the Department of Probation referred to "a number of Methadone programs." (Reproduced Record at 18a). In response to questioning by the court, Fluellen revealed that not only did he *use* cocaine and heroin while on methadone, but he also *sold* it. (Sentencing Transcript at 17–18). We agree with the following observation by the Commonwealth.

> Defendant has participated unsuccessfully in drug rehabilitation programs in the past. He has violated probation in the past. These measures have proven completely ineffective in curing [him] or stemming his propensity to crime. The Pennsylvania Commission on Sentencing implicitly has recognized the potential failure of light sentences in demanding that a significant sentence be imposed for a fourth drug offense.

In sum, in light of the availability of inpatient drug rehabilitation programs within our penal institutions, and because this is the only reason offered by the court in support of the sentence imposed, we believe there exists no adequate reason for deviating from the guidelines under the circumstances of this case, "and, most certainly, the sentence depreciates the seriousness of the offense." *Commonwealth v. Hutchinson, supra,* 343 Pa.Superior Ct. at 600, 495 A.2d at 958. Therefore, we find that the court's failure to follow the sentencing guidelines constitutes an abuse of discretion. Accordingly, we vacate and remand for resentencing.

Jurisdiction Relinquished.