509 A.2d 345

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Larry EASTERLING.**

Superior Court of Pennsylvania.

Submitted Feb. 13, 1986.

Filed May 12, 1986.

Eric B. Henson, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellee.

Before MONTEMURO, HOFFMAN and CERCONE, JJ.

HOFFMAN, Judge:

This is the Commonwealth's appeal from the judgment of sentence imposed on appellee. The Commonwealth contends that the sentence imposed is unreasonable because the lower court erred in (1) sentencing appellee outside the sentencing guidelines, 204 Pa.Code §§ 303.1–303.9, *reprinted following* 42 Pa.C.S.A. § 9721, when there were no mitigating circumstances to support the deviation from them; (2) sentencing appellee so as to retain jurisdiction over him in order that another judge could place him in a drug and alcohol treatment program; and (3) failing to consider the totality of the circumstances in sentencing appellee. We agree that the sentence is unreasonable and, accordingly, vacate the sentence and remand this case for resentencing.

On August 22, 1984, appellee was arrested and charged with several offenses in connection with an August 15, 1984, burglary of a Philadelphia apartment. He entered an open plea of guilty to burglary and criminal conspiracy charges before the court below on February 26, 1985. On April 17, 1985, the court sentenced appellee to concurrent terms of eleven-and-one-half-to-twenty-three months imprisonment, both to run concurrently to a sentence appellee then was serving. The Commonwealth filed a petition to modify sentence on April 24. *See Commonwealth v. Anderson*, 304 Pa.Superior Ct. 476, 450 A.2d 1011 (1982) (Commonwealth must comply with Pa.R.Crim.P. 1410, requiring the filing of a motion to modify sentence within ten days

after the imposition of sentence, before obtaining appellate review of a sentence). The petition was denied on the same day, and this appeal followed.

Initially, we note that the Commonwealth does not have an appeal as of right of the discretionary aspects of a defendant's sentence for a felony or misdemeanor. Section 9781 of the Judicial Code, 42 Pa.C.S.A. §§ 101–9781, provides in pertinent part as follows:

> The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under ... chapter [97, of the Sentencing Code, §§ 9701–9781].

42 Pa.C.S.A. § 9781(b). A notice of appeal, *see* Pa.R.A.P. 902, operates as a "petition for allowance of appeal." *Commonwealth v. Drumgoole*, 341 Pa.Superior Ct. 468, 472–73, 491 A.2d 1352, 1353–54 (1985) (citing Pa.R.A.P. 341 note, 902 note). Accordingly, pursuant to § 9781(b), we "must determine whether or not there is a substantial question that the sentence imposed is not appropriate under the [s]entencing [g]uidelines." *Id.*, 341 Pa.Superior Ct. at 473, 491 A.2d at 1354.[1]

■ This Court has allowed Commonwealth appeals under § 9781(b) and its nearly identical predecessor that governed the interim sentencing guidelines, *see* Act of Nov. 26, 1978,

---

1. In its statement of jurisdiction, the Commonwealth simply states that our jurisdiction is invoked pursuant to 42 Pa.C.S.A. § 742 (appeals from final orders of the courts of common pleas) and § 9781(b). Brief for the Commonwealth at 1. "Section 742, however, does not grant a right of appeal to any party but merely provides for the exclusive appellate jurisdiction of this court from final orders when a right of appeal exists." *Commonwealth v. Drumgoole*, 341 Pa.Superior Ct. 468, 471, 491 A.2d 1352, 1353 (1985). Moreover, neither the Commonwealth nor appellee argue whether there is a substantial question that the sentence imposed here is inappropriate and thus whether this is a case justifying our allowance of the appeal.

P.L. 1316, No. 319, § 5(d) (the Act), *reprinted at* 42 Pa.C. S.A. § 2155 historical note, *and following id.* § 9721, but without discussion as to what constitutes a "substantial question." *See Commonwealth v. Dixon,* 344 Pa.Superior Ct. 293, 295, 496 A.2d 802, 802–03 (1985) (the Commonwealth's petition for appeal is granted because, "[a]s will appear from the ensuing discussion," the record raises a substantial question); *Commonwealth v. Drumgoole, supra,* 341 Pa.Superior Ct. at 473, 491 A.2d at 1354 ("[o]ur review of the record convinces us that a substantial question exists in this case"); *Commonwealth v. Nixon,* 311 Pa.Superior Ct. 450, 452 n. 1, 457 A.2d 972, 973 n. 1 (1983) ("we shall allow an appeal"); *Commonwealth v. Love,* 295 Pa.Superior Ct. 276, 278, 441 A.2d 1230, 1231 (1982), *allocatur denied* ("the Commonwealth brought this appeal which we allow"). In *Commonwealth v. Frazier,* 347 Pa.Superior Ct. 64, 66, 500 A.2d 158, 159 (1985), and *Commonwealth v. Hutchinson,* 343 Pa.Superior Ct. 596, 597–98, 495 A.2d 956, 957–58 (1985), we noted that the Commonwealth filed its appeals pursuant to § 9781(b), but we nowhere stated that we were accepting the appeals, thus implicitly suggesting that the appeals were taken as of right. *See also Commonwealth v. Tomasso,* 311 Pa.Superior Ct. 103, 457 A.2d 514 (1983), *aff'd,* 506 Pa. 344, 485 A.2d 395 (1984) (Commonwealth appeal of sentence imposed under the interim guidelines as unreasonable; no discussion of whether the appeal was properly before the Court). As the plain language of § 9781(b) indicates, however, appeals from the discretionary aspects of a sentence are to be granted at our discretion [2] and not as of right.

Section 9781(b) provides for our discretionary review of sentences imposed pursuant to the sentencing guidelines. By considering the rationale behind their enactment, *see* 1

---

**2.** We note that "[n]o appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals." 42 Pa.C.S.A. § 9781(f) (same provision under the interim sentencing guidelines, § 5(h) of the Act). *See Commonwealth v. Tomasso,* 506 Pa. 344, 346, 485 A.2d 395, 396 (1984); *Commonwealth v. Anderson,* 304 Pa.Superior Ct. 476, 482 n. 5, 450 A.2d 1011, 1014 n. 5 (1982).

Pa.C.S.A. § 1921(c)(1), (3), (4), and reading § 9781(c) in conjunction with § 9781(b), *see Wilson v. Central Penn Industries, Inc.*, 306 Pa.Superior Ct. 146, 150, 452 A.2d 257, 259 (1982) (sections of a statute are to be read together and construed with reference to the entire statute), we believe that we can determine what our Legislature intended to be a "substantial question."

■ The sentencing guidelines were created with a view towards ending the "wide disparity in the sentencing of defendants charged with the same crime." *Commonwealth v. Hutchinson, supra* 343 Pa.Superior Ct. at 598, 495 A.2d at 958. Consistent with this view, we are empowered to vacate a judgment of sentence and remand for resentencing if we find that:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S.A. § 9781(c). Accordingly, to achieve the goal of uniform sentencing, we believe that, if a brief review of the record convinces us that one of the above three circumstances is before us, then there is a substantial question that the sentence imposed is inappropriate and our appellate review is justified.[3] *See Commonwealth v. Anderson, supra* 304 Pa.Superior Ct. at 482, 450 A.2d at 1014 (the

_____

**3.** Of course, if we accept review, we will not necessarily vacate the sentence. Upon a full review of the record, we may, for example, find that a sentence imposed outside the guidelines was not "unreasonable," 42 Pa.C.S.A. § 9781(c)(3), and, therefore, we would affirm the sentence imposed by the sentencing court, *see id.* § 9781(c) (if appellate court does not find one of the three instances where it is to vacate the sentence, it "shall affirm the sentence imposed by the sentencing court"). *See, e.g., Commonwealth v. Frazier*, 347 Pa.Superior Ct. 64, 500 A.2d 158 (1985) (sentence outside of the guideline ranges affirmed).

"guidelines will be virtually meaningless and uniformity will not be achieved without a right of appellate review").

 Here, it is undisputed that appellee's sentence is outside the guideline ranges. Appellee has a prior record score of six, *see* 204 Pa.Code § 303.7, and an offense gravity score of six, *see id.* § 303.8 ("Burglary of a structure adapted for overnight accommodation in which at the time of the offense no person is present"). The sentencing guideline ranges for these scores are as follows: thirty-three-to-forty-nine months (minimum range), forty-nine-to-sixty-one months (aggravated minimum range), twenty-five-to-thirty-three months (mitigated minimum range). *Id.* § 303.9. Thus, appellee's minimum sentence of eleven-and-one-half months is about one-third of the lowest suggested minimum sentence and less than one-half of the lowest suggested mitigated minimum sentence. This substantial deviation from the guidelines, coupled with the Commonwealth's contentions that the lower court found no mitigating circumstances, relied on an inadequate reason in so sentencing, and failed to consider the totality of the circumstances in sentencing appellee, contentions we do not find meritless on their face, convinces us that there is a substantial question that the sentence imposed in this case is not appropriate. We shall, therefore, accept the Commonwealth's appeal.[4]

4. Of the seven cases that we cited above in which the Commonwealth appealed from judgments of sentence, in six the trial court's sentences were outside the guidelines, and the Commonwealth contended that the sentences were unreasonable. *See Commonwealth v. Frazier, supra; Commonwealth v. Dixon, supra; Commonwealth v. Hutchinson, supra; Commonwealth v. Drumgoole, supra; Commonwealth v. Tomasso, supra* (interim sentencing guidelines); *Commonwealth v. Nixon, supra* (same). In the seventh case, *Commonwealth v. Love, supra,* although the sentence was also outside the (interim) sentencing guidelines, the Commonwealth only contended that the sentencing court erred in not providing a statement of reasons why it so sentenced the defendant. Because we found that the provision in question that provided for such a statement, § 5(b) of the Act (under the present guidelines, *see* 42 Pa.C.S.A. § 9721(b); 204 Pa.Code § 303.-1(h)), was *not* discretionary, we remanded for the issuance of a statement of reasons. Query whether it was necessary for the *Love* court to accept the Commonwealth's appeal under § 5(d) of the Act

Because appellee's sentence is outside the guideline ranges, we must determine whether it is "unreasonable." 42 Pa.C.S.A. § 9781(c)(3). In so doing, we must review the record with regard to:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence report.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

*Id.* § 9781(d); *see also Commonwealth v. Drumgoole, supra* 341 Pa.Superior Ct. at 473, 491 A.2d at 1354. While the sentencing court "is not bound hard and fast by the [g]uidelines," *Commonwealth v. Frazier, supra* 347 Pa.Superior Ct. at 71, 500 A.2d at 161, they "channel sentencing discretion and focus appellate review which is available to both parties, on the reasonableness of deviations from the presumptively appropriate range of sentences," and "only in exceptional cases and for sufficient reasons may a court deviate from the guidelines." *Commonwealth v. Hutchinson, supra* 343 Pa.Superior Ct. at 599, 495 A.2d at 958. For the following reasons, we find that the sentencing court did not have sufficient reason to deviate from the guidelines.

■ Essentially, the Commonwealth contends that the lower court's sole reason for sentencing appellee outside the sentencing guidelines is inadequate to justify such a wide departure from them. After reviewing the record, we agree that the court below gave but one reason in support of its sentence. In imposing a maximum sentence of less than two years (twenty-three months) on appellee, the court sought to retain jurisdictional control over him because a fellow judge, who had sentenced appellee in a previous case to concurrent terms of eleven-and-one-half-to-twenty-three months imprisonment for attempted burglary and possession of an instrument of crime wanted to place him in the "Genesis II" program, a nine-to-twelve month inpatient

where the Commonwealth did not appeal from the discretionary aspects of the sentence.

drug and alcohol treatment program. *See generally* 61 P.S. § 331.26 ("Paroles from imprisonment for less than a maximum period of two years shall be granted by the sentencing court...."). As the court stated at the sentencing hearing:

> *I would be willing to sentence slightly outside the guidelines only so that I can maintain some jurisdictional control.* [A prior record score of] 6 and [an offense gravity score of] 6 indicate—we are talking about 2 years state time.... But I think county time is appropriate, so that at whatever point you would be released you would be under my jurisdiction. But that's the only give and take I see here.

> \* \* \* \* \* \*

> That's it. I'd like to keep jurisdiction on this case, *and so that's really the only reason.*

N.T. April 17, 1985 at 9, 10 (emphasis added). When the court denied the Commonwealth's petition to modify sentence, it noted that appellee's sentence was "set out of courtesy to [my fellow judge] who wished to retain jurisdiction in the county for possible drug [and] alcohol parole." *See* Lower Court Order dated April 24, 1985. Accordingly, we find that the lower court's sentence was based solely upon the court's desire to retain jurisdiction over appellee for the benefit of its colleague.[5] 42 Pa.C.S.A. § 9781(d)(3). Considering that finding in conjunction with the remaining § 9781(d) factors, we believe that appellee's sentence is an unreasonable one.

With regard to the nature and circumstances of the offense and the history and characteristics of appellee, *id.* § 9781(d)(1), we note that he has a lengthy juvenile record (five adjudications of delinquency), nine previous adult property convictions, and two adult armed robbery convictions. This prior record was utilized, of course, in computing

---

5. We thus disagree with appellee's conclusions that the court's sentence "flowed from a studied consideration of appropriate factors" and that the court "explicitly purported to, and appellee contends that it succeeded in, weighing and balancing the need for protection of the public, the gravity of the offense, and the rehabilitative needs of appellee." Brief for Appellee at 8 (citation omitted).

appellee's prior record score, and, as we are to consider the guideline ranges in determining whether the sentence imposed is unreasonable, *id.* § 9781(d)(4), we have already noted that appellee's minimum sentence is less than half of the minimum permitted under even the mitigated range. The lower court, however, did not find any mitigating circumstances justifying the departure from the guidelines. In fact, the court found exactly the opposite:

> We will just consider any petitions for parole or whatever if they are filed, but I will be honest with you, I don't see anything here that indicates he is ready for Genesis II. He's had plenty of chances, he's been in New Jersey. Then he comes to Philadelphia and does the same thing.
>
> His problems didn't start in the 1970's. His problem started at age 15, September, 1965, and his has been arrested consistently almost every six months since then. Not arrested. Convicted. I don't consider arrests. If we just count convictions as an adult, he's been convicted 12 times. *I don't see anything mitigating here.* That's really how I look at it.
>
> [My fellow judge], of course, is another judge, and she might see something mitigating, but whatever she saw has not been presented to me today....

N.T. April 17, 1985 at 10–11 (emphasis added).[6] Indeed, the court also could have noted that, while appellee was evidently out on bail in the previous case, he committed the instant crimes.

6. In its opinion the lower court states the following:
 In this case, implicit in this Court's reasoning was that the particular drug and alcohol treatment needs of [appellee] warranted some consideration. Here, counsel and [appellee, N.T. April 17, 1985 at 4–6,] confirmed that a long term program had been explored and that another judge was very interested in ordering [appellee] into that program. The effect of this Court's retention of jurisdiction in the county was to permit *two* courts to fashion a sentence tailored to [appellee's] individual needs.
 Lower Court Opinion at 3–4. As is clear from the above-cited notes of testimony, however, the court did not believe that appellee's drug and alcohol problem was appropriate for treatment in the Genesis II program following a county sentence.

Nor can we find anything in the lower court's opportunity to observe appellee or in the presentence investigation report that would support the court's departure from the guidelines. The court noted that appellee was "less than candid" with his counsel concerning his prior record. *Id.* at 12. The presentence investigation report (at 6) stated the following:

> The Subject's history of criminality continues to go unabated despite past Court actions. His past anti-social behavior has more than likely been adversely affected by his alcohol and drug abuse. His prognosis at this time is seemingly poor and will undoubtedly continue that way until he becomes properly motivated to overcome his alcohol and drug abuse.

Similarly, appellee's mental health evaluation noted (at 2) that "[h]e is not particularly motivated to improve his behavior patterns and therefore his prognosis is poor." [7]

Appellee correctly points out that "it was not the intention of the Legislature to adopt the [g]uidelines as a way to preclude judicial discretion...." *Commonwealth v. Frazier, supra* 347 Pa.Superior Ct. at 70, 500 A.2d at 161. Here, however, the sentencing court, in effect, exercised no discretion by imposing a sentence solely out of courtesy to a fellow judge. While in another case this may perhaps be a reasonable result, our review of the record here convinces us that the court did not agree with the recommendations of the previous court, and we find, therefore, that the instant

---

**7.** In mid-1984, the court's fellow judge ordered that appellee enter an inpatient long-term drug and alcohol program.. Appellee stated both during the presentence investigation and at the sentencing hearing in the instant case that he stopped going after about two weeks because he was told that the program lasted only twenty-eight days and that he would have to leave to find another one. *See* N.T. April 17, 1985 at 4–6. One of the court's investigators stated that he could verify that appellee had contacted another program and was not accepted, *id.* at 6, and appellee's counsel stated that "there was some kind of confusion with the other program," *id.* We note that there is no suggestion in the record that appellee would be unable to obtain treatment either during or after his serving a state sentence. *See, e.g.,* Mental Health Evaluation at 2 ("Regardless of the outcome, eventually, after release, he should be transferred from a state of incarceration to an inpatient alcohol abuse program....").

sentence is unreasonable. Pursuant to § 9781(c), then, we vacate the judgment of sentence and remand this case for resentencing.

Judgment of sentence is vacated and case is remanded for resentencing. Jurisdiction is relinquished.