535 A.2d 1172

**COMMONWEALTH of Pennsylvania**

v.

**Robert DOUGLASS, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1987.

Filed Jan. 11, 1988.

Morton J. Earley, Indiana, for appellant.

Pamela E. Miller, Assistant District Attorney, Indiana, for Com., appellee.

Before BROSKY, TAMILIA and KELLY, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence entered after appellant pled guilty to nineteen (19) counts of various violations of the controlled substance laws. The cumulative sentence imposed totalled five (5) to twenty-five (25) years imprisonment to be followed by five (5) years probation, and payment of the costs of prosecution, $8,153.13, and to pay a fine of $6.

Appellant's only argument on appeal is that the trial court abused its discretion by imposing an excessive sentence. Since this is a challenge to the discretionary aspects of his sentence, appellant must "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of [the] sentence." Pa.R.A.P. 2119(f). *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Permission to amend the brief by submitting a post-submission statement concerning the discretionary aspects of sentencing was

granted and on October 9, 1987, such a statement was properly filed. According to the statement, appellant believes the sentence is excessive because "the trial court did not fully consider his age, education, prior record, his likelihood of reforming, the fact that the victims were willing participants, no weapon was involved, he has the capacity to change and does not possess the criminal mentality to support a total sentence of five (5) to twenty-five (25) years incarceration." Appellant's brief (supplement) at p. 18.

■ As we have said in so many cases that they require no citation, sentencing is the domain of the trial judge and generally, that judgment will not be disturbed absent an abuse of discretion, *Commonwealth v. Parrish*, 340 Pa.Super. 528, 490 A.2d 905 (1985), and if the sentence is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment. *Parrish, supra.* In this case, the appellant was charged and found guilty of nineteen (19) counts of various violations of the Controlled Substance, Drug, Device and Cosmetic Act. After his arrest, he intentionally left the Commonwealth in an attempt to avoid prosecution. He was returned from Alaska after lengthy extradition proceedings. In this case, the sentence was well within the minimum range of the sentencing guidelines [1] and the sentencing judge stated his reasons for the sentence. The trial judge had before him a complete presentence report which he considered and he was, therefore, fully aware of the age and other social factors relating to the appellant. He was concerned on balance, however, with the numerous offenses and seriousness of selling drugs as a

1. As to applying the guidelines in this case, they would not be made irrelevant by *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), as footnote 2 therein provides:

> [2] This ruling is applicable to cases where the issue [of constitutionality] has been "properly preserved at all stages of adjudication up to and including any direct appeal." *Commonwealth v. Cabeza*, 503 Pa. 228, 233, 469 A.2d 146, 148 (1983).

We note that the Supreme Court, in *Sessoms*, did not bar the trial court from *considering* the guidelines in determining an appropriate sentence.

full-time occupation for over one year, primarily to young people. We can find no fault in the trial judge's conclusion that this is more onerous than other offenses.

■ As to application of the sentencing guidelines, despite the recent invalidation of the guidelines by the Supreme Court, a sentence pursuant to the guidelines is not thereby invalidated if, in all other respects, it complies with the sentencing code.[2] In this case, the specifically applicable section is 42 Pa.C.S.A. § 9725 **Total confinement.**[3] All three subsections of that provision are implicated here and justify the sentence imposed. No abuse of discretion is evident and the sentence may not be disturbed. *Commonwealth v. Martin,* 328 Pa.Super. 498, 477 A.2d 555 (1984).

Judgment of sentence affirmed.

Concurring Statement by BROSKY, J.

Concurring Opinion by KELLY, J.

BROSKY, Judge, concurring:

I join in the Opinion by Tamilia, J., with the particular exception of footnote 1. To the extent that footnote suggests that the sentencing guidelines have an ongoing validity post-*Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775, (1987), or that allegations of misapplication of the guidelines create a reviewable issue, I would respectfully disagree.

**2.** *See Sessoms, supra,* Concurring Opinion by Papadakos, J.

**3.** § 9725. **Total confinement**
The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:
(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

KELLY, Judge, concurring:

Although I agree appellant is not entitled to relief, I write separately to explain why in the instant case I would deny allowance of appeal rather than grant allowance of appeal and address the merits as the majority has done.

As the majority notes, appellant's sole contention on appeal is that the sentence imposed was excessive and that the trial court abused its discretion. This is a challenge to the discretionary aspects of sentence. 42 Pa.C.S.A. § 9781(b); 42 Pa.C.S.A. § 9781(c). Under Pennsylvania law, neither the defendant nor the Commonwealth may take an appeal as of right from the discretionary aspects of sentence. Rather, "[t]he defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code]." 42 Pa.C.S.A. § 9781(b). Our Supreme Court indicated in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), that three distinct steps must be taken to properly raise a challenge to the discretionary aspects of sentence: there must be a timely notice of appeal (*see* Pa.R.A.P. 902 & Note; Pa.R.A.P. 903); the challenge must be set forth in the statement of questions presented (*see* Pa.R.A.P. 2116(b)); and, the appellant must include in the brief, immediately preceding argument in support of the challenge, a separate, concise statement of the reasons for allowance of appeal under 42 Pa.C.S.A. § 9721(b) (*see* Pa.R.A.P. 2119(f)). 522 A.2d at 18–19.

In the instant case, a timely notice of appeal was filed and appellant's challenge to the discretionary aspects of sentence was properly set forth in the statement of questions presented. However, appellant failed to include in his brief

a separate, concise statement of the reasons for allowance of appeal under 42 Pa.C.S.A. § 9781(b).

On September 3, 1987, appellant filed a post-argument motion for permission to correct the omission. *See* Pa.R. A.P. 2501(a). On October 1, 1987, appellant's motion was granted and appellant was given fifteen (15) days to file a Pa.R.A.P. 2119(f) statement as a supplement to appellant's brief. *See Commonwealth v. Zeitlen,* 366 Pa.Super. 78, 530 A.2d 900 (1987); *id.,* 366 Pa.Superior Ct. 81–87, 530 A.2d at 902–05 (Kelly, J., joining and concurring); *cf. Commonwealth v. Grove,* 363 Pa.Super. 328, 348, 526 A.2d 369, 379 (1987) (per Kelly, J.).

On October 9, 1987, appellant filed the following as his Pa.R.A.P. 2119(f) statement:

Appellant, ROBERT A. DOUGLASS, JR., believes that the Superior Court should accept this Appeal on the discretionary aspects of the sentence imposed by the trial court because he believes it is excessive in light of the crimes to which he pled guilty; that the trial court did not fully consider his age, education, prior record, his likelihood of reforming, the fact that the victims were willing participants, no weapon was involved, he has the capacity to change and does not possess the criminal mentality to support a total sentence of five (5) to twenty-five (25) years incarceration.

Appellant believes that these are important reasons for this Court to consider the merits of his Appeal.

I would find that this statement fails to raise a substantial question as to the appropriateness of the sentence imposed considering the sentencing code as a whole. Appellant merely alleges in the most general and conclusory terms that the trial court failed to give adequate weight to various mitigating factors.

In order to raise a substantial question under 42 Pa.C. S.A. § 9781(b), the separate concise statement under Pa.R. A.P. 2119(f) *must* set forth factual allegations which establish that:

1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.[1]

*See Commonwealth v. Easterling,* 353 Pa.Super. 84, 509 A.2d 345 (1986); 42 Pa.C.S.A. § 9781(c). No other allegations are sufficient; the legislature has expressly provided that *"[i]n all other cases* the appellate court *shall affirm* the sentence imposed by the sentencing court." 42 Pa.C. S.A. § 9781(c). (Emphasis added). There can be no "substantial question" raised regarding the appropriateness of the sentence imposed when the appellant fails to bring his allegations within the parameters of one of the three exclusive grounds for relief provided by the statute.[2]

It should be noted that the efficacy of reliance on this Court's former *dictum* that *"only in exceptional cases* and

1. I note that I would construe the phrase "outside the guidelines" broadly so as to include both cases to which the guidelines apply but in which the court declines to follow the guidelines *and* to cases to which the guidelines do not apply. *See* 204 Pa.Code § 303.1(f).

2. I note that the express limitation set forth in 42 Pa.C.S.A. § 9781(c) and *Commonwealth v. Easterling, supra,* appears to be inconsistent with the express statement in 42 Pa.C.S.A. § 9721(b) that "[f]ailure to comply [with the contemporaneous writing requirement of § 9721(b) ] shall be grounds for vacating the sentence and resentencing defendant." *Commonwealth v. Tilghman,* 366 Pa.Super. 328, 332, 531 A.2d 441, 443 n. 2 (1987). Though it is not necessary to resolve this apparent conflict in the instant case, I note that allegations pertaining to the failure to include the contemporaneous statement required by 42 Pa.C.S.A. § 9721(b) may constitute an exception to the limitations set forth in 42 Pa.C.S.A. § 9781(c). *Commonwealth v. Tilghman, supra.* On the other hand, it may be that such conduct constitutes an erroneous application of the guidelines under 42 Pa.C. S.A. § 9781(c)(1) (see 204 Pa.Code § 303.1(h)), or it may be that failure to comply with the writing requirement of 42 Pa.C.S.A. § 9721(b) is simply not intended to be treated as a "discretionary aspect" sentence. 42 Pa.C.S.A. § 9781(b).

for sufficient reasons may a court deviate from the guidelines," *Commonwealth v. Fluellen,* 345 Pa.Super. 167, 171, 497 A.2d 1357, 1359 (1985), *quoting Commonwealth v. Hutchinson,* 343 Pa.Super. 596, 598, 495 A.2d 956, 958 (1985) (emphasis in original), was substantially eroded if not destroyed, *sub silentio,* by our Supreme Court's decision in *Commonwealth v. Tuladziecki, supra.*

In *Commonwealth v. Tuladziecki, supra,* our Supreme Court reviewed at length the broad discretion vested in the sentencing court regarding the application of "general principles" espoused in the Sentencing Code, and the final selection of the sanction options. 522 A.2d at 20 & n. 1. Our Supreme Court then concluded:

It is apparent that the legislature has vested broad discretion in the trial court to impose a sentence appropriate to each case which comes before it. It is also apparent that the legislature has provided a thorough, though not exhaustive, outline of considerations to focus the court's deliberations in choosing an appropriate sentence. It is only where a party can articulate reasons why a particular sentence raises doubts that this scheme *as a whole* has been compromised that the appellate court should review the manner in which the trial court exercised its discretion.

*Commonwealth v. Tuladziecki, supra,* 522 A.2d at 20. (Emphasis added).

In *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987), our Supreme Court continued its erosion of the basis for our *former dictum.* The majority explained:

Most important, the court has no 'duty' to impose a sentence considered appropriate by the Commission. The guidelines must only be 'considered' and, to ensure that such consideration is more than mere fluff, the court must explain its reasons for departure from them. Viewed in this manner, the guidelines are essentially a sophisticated compilation and distillation of a vast range

of factors affecting the sentencing process in the abstract, accomplished by persons of expertise representing a broad spectrum of interests. The legislature with the governor's approval has deemed it proper that the findings of such a body, assembled to assist it in developing and overseeing a sound sentencing system, be given practical application in individual cases as well. We may say that in directing courts to consider these guidelines, just as they must consider a number of listed though non-exclusive factors in imposing probation, the legislature has done no more than direct that the courts take notice of the Commission's work.

532 A.2d at 781.[3]

The *Sessoms* opinion supports our conclusion in *Commonwealth v. Darden*, 366 Pa.Super. 597, 531 A.2d 1144 (1987) that:

... while the sentencing court is required to 'consider' the applicable guidelines, and while the reasons for any deviation from the applicable standard range of the guidelines must be in writing, the determination of whether the sentence is 'not appropriate,' 'clearly unreasonable,' or 'unreasonable' must be made with reference to the sentencing code *as a whole*, not solely with reference to the provisions of the sentencing guidelines. *Commonwealth v. Tuladziecki, supra*, 522 A.2d at 20; *see also* 42 Pa.C. S.A. 9781(b) and (c).

531 A.2d at 1150. (Emphasis in original). Thus, the refusal to *impose* (as opposed to consider) the applicable minimum sentence recommended by the guidelines, *by itself,* provides no basis to vacate sentence and raises no substantial question under 42 Pa.C.S.A. § 9781(b). *See* 42 Pa.C.S.A.

---

**3.** The effects of the *Sessoms* decision, of course, are much broader than merely undermining our former *dictum.* However, the effects vary depending upon the factual and procedural scenario presented and a discussion of this complicated subject is beyond the scope of the issue presented here. *See Commonwealth v. Pickford,* 370 Pa.Super. 444, 536 A.2d 1348 (1987) (Kelly, J., concurring and dissenting) (discussing effects of *Sessoms* generally).

§ 9781(c)(2) and (3). Rather, to justify reversal under 42 Pa.C.S.A. §§ 9781(c)(2) or (3), the sentence must: 1) be inside the guidelines *and* be clearly unreasonable considering the sentencing code as a whole; or 2) be outside guidelines *and* be unreasonable, considering the sentencing code as a whole.

Moreover, the mandate of 42 Pa.C.S.A. § 9781(b) is not fulfilled by the mere incantation of the language of one of the subprovisions of 42 Pa.C.S.A. § 9781(c). Our former practice was struck down as having improperly enlarged an appellant's right to appeal. Would a construction of 42 Pa.C.S.A. § 9781(b) and Pa.R.A.P. 2119(f) which merely required the incantation of conclusions of law or particular statutory language have any real or practical effect on the decision of whether to grant allowance of appeal? Assuredly not. Our Supreme Court explained:

> Our insistence on separate presentation of these issues is more than mere formalism; important concerns of substance guide this decision. In addition to preserving the respective rights of both parties according to the jurisdictional scheme provided by the legislature, it furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

*Commonwealth v. Tuladziecki, supra,* 522 A.2d at 19–20. This purpose can only be effectuated if this Court requires that appellant's concise statement contain specific allegations of fact, rather than mere conclusions of law. Moreover, because the determination as to whether appellant's allegations are sufficient to raise the appearance of a substantial question must be separate and distinct from the review of the merits of the appeal, the factual allegations in the statement must be accepted as a true and complete statement of the relevant facts *for this limited purpose.* Only in this way can the requirement of a separate review of the statement rise above mere formalism and achieve its

substantive purpose of limiting discretionary review on the merits to "exceptional case[s]."

Finally, I note that the allegation of facts which, if accepted as a true and complete statement of the pertinent facts, would establish the *appearance* grounds for vacating the sentence under 42 Pa.C.S.A. § 9781(c), does not entitle the appellant to the grant of allowance of appeal. The statute provides:

Allowance of appeal *may be granted at the discretion of the appellate court* where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

42 Pa.C.S.A. § 9781(b). (Emphasis added). Thus, while the appearance of a substantial question under 42 Pa.C.S.A. § 9781(b) determines whether allowance of appeal *may* be granted, the sound discretion of this Court shall determine whether it *will* be granted.

In exercising this discretion we may, of course, look to the trial court opinion and/or the record. When the allegations set forth in the separate, concise statement of reasons for allowance of appeal are unsupported or contain material omissions apparent from the face of the record, this Court may deny allowance of appeal despite the appearance of a substantial question based upon appellant's unfounded or misleading allegations.

In light of the foregoing, I can see no basis to conclude that appellant has presented the appearance of a substantial question that the sentence imposed was inappropriate considering the sentencing code as a whole. Appellant has set forth only conclusory statements that mitigating factors were not given appropriate weight; no reference is made to the guidelines nor is specific reference made to any provisions of the Sentencing Code. *Compare Darden, supra,* 531 A.2d at 1147 (finding statement sufficient to establish the appearance of a substantial question). I would deny allowance of appeal. Nonetheless, I agree that the appeal is devoid of merit, and therefore, concur.