529 A.2d 1099

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel RIVERA, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1987.

Filed Aug. 6, 1987.

Michael A. Filingo, Bangor, for appellant.

John L. Obrecht, Assistant District Attorney, Northampton, for Com., appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence entered following appellant's plea of guilty to a charge of delivery of heroin. The sole question before us is whether the trial court abused its discretion by failing to consider the alternatives to incarceration. We conclude that this appeal has not been properly presented, and consequently, must be dismissed.

Where a party appeals a discretionary aspect of the sentence, the brief must set forth a substantial question regarding the appropriateness of the sentence and, in a separate section, a "concise statement of the reasons relied upon for allowance of appeal." *Commonwealth v. Tuladziecki*, 513 Pa. 508, 511, 522 A.2d 17, 18 (1987), *citing*, Pa.R.App.P. 2116(b) and 2119(f). As in *Tuladziecki*, appellant's brief fails to satisfy the procedural requirement of Rule 2119(f). Therefore, in accordance with *Tuladziecki*, the appeal is dismissed.[1]

Appeal dismissed. Judgment of sentence affirmed. Jurisdiction is relinquished.

HOFFMAN, J., files a concurring opinion.

WIEAND, J., files a dissenting opinion.

HOFFMAN, Judge, concurring:

In the present posture in which I find this appeal, I am constrained to concur in Judge Olszewski's view that we cannot reach the merits of appellant's claim which chal-

1. Unlike my esteemed colleague, Judge Hoffman, I would not permit appellant to amend his brief in order to comply with *Tuladziecki*. The Supreme Court in *Tuladziecki* did not give the appellant a second chance. Likewise, we should not do so, especially upon our own initiative.

I agree with my distinguished colleague, Judge Wicand, that Rule 2119 is procedural, not jurisdictional. We differ, however, in our views of the purpose and effect of that Rule. In my view, Rules 2116 and 2119 do not alter an appellant's right to appeal from a discretionary aspect of the sentence. Rather, the Rules merely effectuate 42 Pa.C.S. § 9781(b). In giving effect to § 9781 through Rule 2119(f), our Supreme Court has made clear that an appellate court may not assess the merits of the issue presented in justifying a post hoc determination that the appeal should be allowed. *Tuladziecki*, 513 Pa. at 511, 522 A.2d at 19. Yet, this is precisely what the dissent has done.

If an appellant fails to comply with Rule 2119(f), we should not determine whether a substantial question exists regarding a discretionary aspect of sentencing. Although this Court has, on occasion, excused procedural violations, where an appellant fails to comply with Rule 2119(f), "[appellant] has in effect obtained an appeal as of right from the discretionary aspects of a sentence." *Tuladziecki*, 513 Pa. at 511, 522 A.2d at 19. For this reason, I would not find the matter was waived by appellee's failure to object to the Rule 2119(f) violation.

lenges a discretionary aspect of sentencing. I write separately to emphasize, however, that while I agree that appellant's brief does not comply with Pa.R.A.P. 2119(f), I do not agree that *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) ineluctably requires that we may not reach the merits of the appeal at this early stage. In my opinion, the better course would be to issue an order granting appellant thirty (30) days leave to supplement his brief to provide a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f).

Appellant contends that the lower court abused its discretion in imposing its sentence by refusing to consider specific alternatives to incarceration. Before we can examine claims challenging the discretionary aspects of a sentence, we first must determine whether there is a "substantial question that the sentence imposed is not appropriate...." 42 Pa.C.S.A. § 9781(b). It has been the practice of this Court to make this determination based upon an evaluation of the substantive argument advanced by appellant in his or her brief. *See Commonwealth v. Easterling*, 353 Pa. Superior Ct. 84, 509 A.2d 345 (1986); *Commonwealth v. Dixon*, 344 Pa. Superior Ct. 293, 496 A.2d 802 (1985); *Commonwealth v. Drumgoole*, 341 Pa. Superior Ct. 468, 491 A.2d 1352 (1985). Our Supreme Court recently disapproved of this practice, holding that an appellant must set forth in a separate section of his or her brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence imposed. *Commonwealth v. Tuladziecki, supra*, 513 Pa. at 511, 522 A.2d at 19 (citing Pa.R.A.P. 2119(f)). The purpose of this separate section is to provide this Court with adequate information upon which to base our decision to exercise, our discretion to consider claims of this nature.

Here, appellant has failed to include in his brief a statement of the reasons he relies upon for allowance of appeal with respect to his sentencing claim. Our Rules of Appellate Procedure impose a duty on this Court to liberally construe the rules in order to "secure the just, speedy and

inexpensive determination of every matter to which they are applicable." Pa.R.A.P. 105(a). Keeping this duty in mind, I believe that allowing appellant to supplement his brief would secure a more just and speedy determination than would dismissing the appeal. Such a supplement will ensure more effective appellate review, allow us to make a knowledgeable determination as to whether we should exercise our discretion in this matter, and curtail the inevitable claim that counsel was ineffective for failing to properly petition for appeal.

Absent such a procedure, however, I am faced with a brief that does not comply with Rule 2119(f). Because of this failure to comply with the Rule, and because this Court has chosen not to follow the procedure I have outlined above, I agree that we cannot reach the merits of appellant's sentencing claim. Accordingly, I am constrained to concur reluctantly, in Judge Olszewski's decision.

WIEAND, Judge, dissenting:

I respectfully dissent.

The right of appeal from a final judgment of sentence is guaranteed by Article 5, § 9 of the Pennsylvania Constitution. The exclusive jurisdiction to hear such appeals, except in capital cases, is vested in the Superior Court. 42 Pa.C.S. § 742. Such an appeal may generally be taken as of right by filing a notice of appeal with the clerk of the lower court within the time allowed for such appeal. Pa.R.App.P. 902. With respect to appeals challenging the discretionary aspects of sentencing, however, the legislature has provided at 42 Pa.C.S. § 9781 as follows:

(a) **Right to appeal.**—The defendant or the Commonwealth may appeal as of right the legality of the sentence.

(b) **Allowance of appeal.**—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. *Allowance of appeal may be*

*granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.* (Emphasis added).

Pursuant to its authority to prescribe rules governing practice and procedure in the courts, the Supreme Court has promulgated rules to implement this statutory provision. By a note accompanying Pa.R.A.P. 902 the proper procedure to be followed in cases brought under Section 9781(b) has been explained as follows:

> Section 9781 of the Sentencing Code (42 Pa.C.S. § 9781) provides that the defendant or the Commonwealth may file a "petition for allowance of appeal" of the discretionary aspects of a sentence for a felony or a misdemeanor. The notice of appeal under this chapter (see Rule 904 (content of the notice of appeal)) operates as the "petition for allowance of appeal" under the Sentencing Code. It automatically raises all possible questions under 42 Pa. C.S. § 9781 and is available and appropriate even where no issue relating to guilt or the legality of the sentence (in the sense that the sentence falls outside of the range of discretion vested by law in the sentencing court) is presented. No additional wording is required or appropriate in the notice of appeal.
>
> In effect, the filing of the "petition for allowance of appeal" contemplated by the statute is deferred by these rules until the briefing stage, where the question of the appropriateness of the discretionary aspects of the sentence may be briefed and argued in the usual manner.

The proper procedure for filing the "petition for allowance of appeal" at the briefing stage is set forth in Pa.R.A.P. 2119(f) as follows:

> [a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

In *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), the defendant, who had been convicted of various violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780–113(a)(16), (30), was sentenced to pay a fine of $1,000 and to serve a five year term of probation. The Commonwealth appealed. This Court vacated the judgment of sentence and remanded for resentencing on the ground that the sentence was outside the sentencing guidelines and unreasonable. The Supreme Court reversed, holding that it had been error for this Court to consider the merits of the Commonwealth's appeal where the Commonwealth had failed to comply with the mandates of Rule 2119(f). The Court said:

> It must first be observed that our rules make a careful distinction between "questions relating to the discretionary aspects of the sentence" and "the issue whether the appellate court should exercise its discretion to reach such question." Pa.R.A.P. 2116. Recognizing this distinction, the language from the Note to Pa.R.A.P. 902 ... speaks only to the fact that the appellant is to supply his brief, with argument on the merits of the question, at the same time as he provides his concise statement of the reasons relied upon for allowance of appeal. It does not and cannot obviate the need for such a statement.

> The procedure outlined in the Note accompanying Rule 902 was published in the interest of maintaining consistency between practice under this section of the Sentencing Code and typical appellate practice in Superior Court, which does not ordinarily have discretion as to the exercise of its jurisdiction....

> So long as the Commonwealth is required at some point to demonstrate a "substantial question" in accordance with the statute ... this procedure is sound. Superior Court may not, however, be permitted to rely on its assessment of the argument on the merits of the issue to justify **post hoc** a determination that a substantial question exists. If this determination is not made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence, the Commonwealth

has in effect obtained an appeal as of right from the discretionary aspects of a sentence. It is elementary that such an enlargement of the appeal rights of a party cannot be accomplished by rule of court. For this reason it is essential that the rules of procedure governing appeals such as this be followed precisely.

Our insistence on separate presentation of these issues is more than mere formalism; important concerns of substance guide this decision. In addition to preserving the respective rights of both parties according to the jurisdictional scheme provided by the legislature, it furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

*Id.*, 513 Pa. at 513, 522 A.2d at 19–20.

It is not clear from the foregoing language whether the requirement of Pa.R.App.P. 2119(f) is to be deemed jurisdictional or procedural. After careful study, I would hold that the same is procedural only. I reach this conclusion because even though the Supreme Court's discussion of the rule was in terms of the Superior Court's jurisdiction, its decision to vacate the Superior Court's order to remand for resentencing was based expressly upon the fact that *"[t]he Appellant [had] properly preserved his challenge to this procedural violation."* *Id.*, 513 Pa. at 515, 522 A.2d at 20–21 (emphasis added).

Whether the rule is jurisdictional or procedural is not an insignificant distinction. If the requirement of Rule 2119(f) is to be deemed jurisdictional, the failure to comply therewith cannot be waived and will have to be raised by this Court sua sponte. See: *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974); *Daly v. School District of Darby Township,* 434 Pa. 286, 252 A.2d 638 (1969); *Commonwealth v. Helms,* 352 Pa.Super. 65, 506 A.2d 1384 (1986); *Commonwealth v. Jones,* 307 Pa.Super. 558, 453 A.2d 1028 (1982). If it is procedural, however, a failure to comply therewith can be waived and will be waived if it is not objected to by an appellee. In that event, the failure to

comply with Rule 2119(f) may be overlooked. See: *Commonwealth v. Gumpert,* 354 Pa.Super. 595, 512 A.2d 699 (1986) (error in captioning appeal as being taken from order denying post-trial motions rather than final judgment of sentence deemed not fatal); *Commonwealth v. Dougherty,* 351 Pa.Super. 603, 506 A.2d 936 (1986) (failure to include ineffective assistance of counsel claim in statement of questions presented excused); *Commonwealth v. Lahoud,* 339 Pa.Super. 59, 488 A.2d 307 (1985) (error in notice of appeal deemed harmless); *Commonwealth v. Stoppie,* 337 Pa.Super. 235, 486 A.2d 994 (1984) (court decided merits of issues raised despite counsel's failure to comply with rules concerning contents of appellate briefs); *Commonwealth v. Bell,* 328 Pa.Super. 35, 476 A.2d 439 (1984) (merits of issues raised were examined despite violation of rules regarding statement of questions involved section of brief); *Commonwealth v. Williams,* 269 Pa.Super. 544, 410 A.2d 835 (1979) (failure to raise issue in statement of matters complained of on appeal excused where failure did not defeat Superior Court's ability to exercise appellate review).

In *Tuladziecki,* the defendant preserved his challenge to the Commonwealth's procedural violation of Rule 2119(f) by raising the issue (1) in the Superior Court and (2) in the Supreme Court. In the instant case, the Commonwealth has not preserved the defendant's failure to follow the procedural requirement of the rule, i.e., the inclusion in its brief of a separate statement showing a "substantial question that the sentence imposed [was] not appropriate." Because the requirement of Rule 2119(f) is procedural and not jurisdictional, the Commonwealth's failure to object to or otherwise assert the defect in the form of appellant's brief should be held to have resulted in a waiver of the defect. When such a waiver occurs, the Superior Court should determine, in its own discretion, whether there is a substantial issue requiring it to review the discretionary aspects of the sentence imposed by the trial court.

In the instant case, Daniel Rivera, Sr., entered a negotiated plea of guilty to a charge of distributing heroin. He was sentenced to serve a term of imprisonment for not less than

one year nor more than four years with the option, upon completion of one-half of the minimum sentence, to participate in a drug treatment program. On direct appeal from the judgment of sentence, appellant failed to include in his brief a concise statement of the reasons relied upon for allowance of an appeal as required by Pa.R.App.P. 2119(f). However, the Commonwealth-appellee has failed to object to or challenge this omission in appellant's brief. Therefore, in my judgment, we are required by statute to decide for ourselves whether appellant has presented a substantial issue.

The issue stated by appellant is whether the sentencing court abused its discretion by refusing to consider alternatives to incarceration. This, on its face, suggests a possible violation of the Sentencing Code and thus a substantial issue. Therefore, I would allow the appeal.

An examination of the record of the sentencing hearing, however, discloses unequivocally that the sentencing court did not abuse its discretion. After considering the nature of the offense and several prior drug convictions, the sentencing court concluded that a sentence of imprisonment was warranted. I find therein no abuse of discretion.

I would affirm the judgment of sentence.