## Commonwealth v. Danner

*H. Stanley Rebert, district attorney,* for the commonwealth.
*R. Bruce Evanick,* for defendant.

RAUHAUSER, *J.,* August 31, 1987 — This matter is before the court on post-trial motions of defendant.

On June 25, 1986, after trial by jury, defendant was convicted of endangering the welfare of a child and involuntary manslaughter. Defendant timely filed motions in arrest of judgment and for a new trial.

Defendant's motion in arrest of judgment is based upon the court's refusal to grant defendant's demurrer to the evidence adduced by the commonwealth. Since this motion challenges the sufficiency of the commonwealth's evidence, the proper test to be applied is "whether, accepting as true all of the commonwealth's evidence and all reasonable inferences therefrom, the evidence is sufficient to prove beyond a reasonable doubt that (defendant) is guilty of the crimes charged." *Commonwealth v. Morrison,* 365 Pa. Super. 363, 368, 401 A.2d 1348, 1351 (1979).

The commonwealth's evidence established the following.

On October 2, 1985, eight-month-old Rebecca Ann Kohler was in the sole custody of defendant, her mother.

Defendant left the sleeping infant unattended for 10 to 15 minutes by defendant's estimation, while defendant was in the bathroom.

Expert medical testimony established that the infant ingested alcohol between 30 minutes and two hours before her death, producing a blood alcohol

content of .06 percent. No evidence of the source of such alcohol or the mother's knowledge thereof was established. The infant also suffered a skull fracture near the time of her death but which injury played no role in her death. No evidence was produced concerning the cause of such fracture or the mother's knowledge of the incident was established.

Upon returning from the bathroom, defendant discovered the infant unconscious and upside down with her head in a bucket of mop water. Defendant attempted to resuscitate the infant for 15 minutes before telephoning her mother for aid at approximately 1:05 p.m. Medical and police emergency personnel were not summoned until 1:40 p.m., and were unable to revive the infant.

Defendant was charged with violating section 4304 of the Crimes Code, Endangering the Welfare of a Child, which provides: "A parent, guardian or other person supervising the welfare of a child under 18 years of age commits a misdemeanor of the second degree if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. §4304 (1972).

That defendant's conduct caused actual injury to the child is not an element of this offense. *Morrison,* supra. Defendant here bore a positive duty of rendering protective care and clearly had a duty to obtain necessary medical aid for her daughter. *Commonwealth v. Konz,* 498 Pa. 639, 450 A.2d 638 (1982). In this case the jury could have found beyond a reasonable doubt that defendant's conduct constituted a knowing endangerment of the child's welfare. Such a finding could have stemmed from the child's ingestion of alcohol while in the sole custody and care of defendant, coupled with leaving the child unattended for the period of time involved. Lest the court be too quick to impose its opinion into

these circumstances, our Supreme Court has held that the statute defining this offense is given meaning, in part, by reference to the common sense of the community. *Commonwealth v. Mack,* 467 Pa. 613, 359 A.2d 770 (1976). The participation of the jury brought just such an element to this proceedings.

Defendant was also convicted of involuntary manslaughter.

"A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C.S. §2504(a)(1972).

Defendant's conduct must be "a great departure from the standard of ordinary care, evidencing a disregard for human life or an indifference to the possible consequences of the actor's conduct." *Commonwealth v. Agnew,* 263 Pa. Super. 424, 427, 398 A.2d 209, 211 (1979). That conduct must be the direct cause of the death at issue. *Commonwealth v. Keysock,* 263 Pa. Super. 474, 345 A.2d 767 (1975). The commonwealth's evidence established that Rebecca Ann Kohler drowned to death in a bucket of water. The skull fracture and ingestion of alcohol were unrelated to her death. Defendant stated to police that she left Rebecca alone for 10 minutes while she was in the bathroom. Such conduct fails to constitute the required great departure from the standard of ordinary care set forth above.

The jury may, of course, have chosen to disbelieve the statements of defendant. But absent what may be considered defendant's self-serving statement to a police officer, the commonwealth's proof established only that a child in the sole custody of defendant drowned in a bucket of water. There was

no showing of any conduct or omission of defendant which would meet the legal standard.

Defendant's statements to police also indicated that there was a period of some 40 minutes from the time she found Rebecca in the water until she summoned medical assistance. A parent may be convicted of the involuntary manslaughter of her child because of her failure to summon medical aid, but the commonwealth must prove beyond a reasonable doubt that the death was a direct result of that failure. *Commonwealth v. Barnhart,* 345 Pa. Super. 10, 497 A.2d 616 (1985). The commonwealth's evidence established that Rebecca lost consciousness 15 seconds after falling into the water and that she was beyond medical help in four to six minutes. The commonwealth introduced no evidence establishing or reasonably implying that if defendant had summoned medical aid immediately upon discovery of Rebecca in the water, that Rebecca's life would have been or could have been saved. Absent this proof of causation, the evidence was insufficient to prove defendant's guilt of involuntary manslaughter beyond a reasonable doubt.

Defendant has also moved the court to order a new trial. Among the reasons which defendant assigns in support of this motion are the admission of evidence establishing and relating to the skull fracture suffered by the infant, and improper comment by the prosecutor in his closing argument to the jury.

The commonwealth's medical testimony established that the skull fracture was not related to the infant's death. It therefore has no relevance to the charge of involuntary manslaughter. The commonwealth's medical expert further stated that it is "impossible to ascertain" whether the fracture occurred before or after the infant's death. It being impossible

to endanger the welfare of a child who is not alive, the skull fracture could be relevant to that charge only if it occurred while the infant was alive. On the evidence presented, only through unfounded speculation that the fracture occurred before death could it have been relevant. Erroneous admission of this evidence prejudiced defendant, and in the absence of a cautionary instruction to the jury to disregard, justifies the awarding of a new trial.

In his summation to the jury in this case, the district attorney said:

"It seems to me, ladies and gentlemen, that the commonwealth has gone to great efforts to make sure that all the bases are covered, and that if there was an excuse (if you want to call it an excuse) for something having happened, let's hear it. We'll accept that."

While these remarks do not directly mention defendant's failure to testify, the jury could reasonably have construed them as a reference to defendant's exercise of her constitutional right to silence.

"[I]f the prosecuting attorney of the judge makes the slightest reference to the fact that the accused failed to reply to the accusations ringing against him and a verdict of guilty follows, a new trial is imperative." *Commonwealth v. Drovecz*, 424 Pa. 582, 586, 227 A.2d 904, 906 (1967).

On the bases above, defendant will be granted a new trial on the endangering charge.

## ORDER

And now, this August 31, 1987, the motion of defendant Lorrie A. Danner for arrest of judgment is hereby sustained as to the charge of involuntary manslaughter and denied as to the charge of endan-

gering the welfare of a child. Defendant's motion for a new trial on the charge of endangering the welfare of a child is hereby granted.