534 A.2d 829

**COMMONWEALTH of Pennsylvania**

. v.

**Conley BAILEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1987.

Filed Dec. 10, 1987.

Douglas M. Johnson, Assistant Public Defender, Collegeville, for appellant.

Mary M. Killinger, Assistant District Attorney, Norristown, for Com., appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

Conley B. Bailey was tried nonjury and was found guilty of possession of an instrument of crime, possession of an offensive weapon and criminal conspiracy. On January 10, 1983, he was sentenced to probation for a period of three years. On August 22, 1985, during a hearing held on a charge of probation violation, Bailey stipulated that he had violated the conditions of his probation by committing new offenses. The hearing court revoked the prior sentence of probation and sentenced Bailey to a new probationary period of five years upon condition that he complete an alcohol treatment program. On July 29, 1986, Bailey was again arrested and charged with burglary and related offenses. . Another charge of probation violation was leveled against Bailey, and this time the trial court, after hearing, revoked probation and imposed a sentence of imprisonment for not less than two years nor more than five years. A motion to modify this sentence was denied, and Bailey appealed. The only argument which he makes on appeal is that the sentence of imprisonment was excessive.

With respect to appeals challenging the discretionary aspects of sentencing, the legislature has provided at 42 Pa.C.S. § 9781 as follows:

(a) **Right to appeal.**—The defendant or the Commonwealth may appeal as of right the legality of the sentence.

**(b) Allowance of appeal.**—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. *Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.* (Emphasis added).

Pursuant to its authority to prescribe rules governing practice and procedure in the courts, the Supreme Court has promulgated rules to implement this statutory provision. By a note accompanying Pa.R.App.P. 902, the proper procedure to be followed in cases brought under Section 9781(b) has been explained as follows:

> Section 9781 of the Sentencing Code (42 Pa.C.S. § 9781) provides that the defendant or the Commonwealth may file a "petition for allowance of appeal" of the discretionary aspects of a sentence for a felony or a misdemeanor. The notice of appeal under this chapter (see Rule 904 (content of the notice of appeal)) operates as the "petition for allowance of appeal" under the Sentencing Code. It automatically raises all possible questions under 42 Pa. C.S. § 9781 and is available and appropriate even where no issue relating to guilt or the legality of the sentence (in the sense that the sentence falls outside of the range of discretion vested by law in the sentencing court) is presented. No additional wording is required or appropriate in the notice of appeal.
>
> In effect, the filing of the "petition for allowance of appeal" contemplated by the statute is deferred by these rules until the briefing stage, where the question of the appropriateness of the discretionary aspects of the sentence may be briefed and argued in the usual manner.

The proper procedure for filing the "petition for allowance of appeal" at the briefing stage is set forth in Pa.R.App.P. 2119(f) as follows:

[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

In *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), the defendant, who had been convicted of various violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780–113(a)(16), (30), was sentenced to pay a fine of $1,000 and to serve a five year term of probation. The Commonwealth appealed. This Court vacated the judgment of sentence and remanded for resentencing on the ground that the sentence was outside the sentencing guidelines and unreasonable. The Supreme Court reversed, holding that it had been error for this Court to consider the merits of the Commonwealth's appeal where the Commonwealth had failed to comply with the mandates of Rule 2119(f). The Court said:

It must first be observed that our rules make a careful distinction between "questions relating to the discretionary aspects of the sentence" and "the issue whether the appellate court should exercise its discretion to reach such question." Pa.R.A.P. 2116. Recognizing this distinction, the language from the Note to Pa.R.A.P. 902 ... speaks only to the fact that the appellant is to supply his brief, with argument on the merits of the question, at the same time as he provides his concise statement of the reasons relied upon for allowance of appeal. It does not and cannot obviate the need for such a statement.

The procedure outlined in the Note accompanying Rule 902 was published in the interest of maintaining consistency between practice under this section of the Sentencing Code and typical appellate practice in Superior Court, which does not ordinarily have discretion as to the exercise of its jurisdiction....

So long as the Commonwealth is required at some point to demonstrate a "substantial question" in accordance with the statute ... this procedure is sound. Superior Court may not, however, be permitted to rely on its assessment of the argument on the merits of the issue to justify post hoc a determination that a substantial question exists. If this determination is not made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence, the Commonwealth has in effect obtained an appeal as of right from the discretionary aspects of a sentence. It is elementary that such an enlargement of the appeal rights of a party cannot be accomplished by rule of court. For this reason it is essential that the rules of procedure governing appeals such as this be followed precisely.

Our insistence on separate presentation of these issues is more than mere formalism; important concerns of substance guide this decision. In addition to preserving the respective rights of both parties according to the jurisdictional scheme provided by the legislature, it furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

*Id.*, 513 Pa. at 513, 522 A.2d at 19–20.

■ In *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987), this Court concluded that the requirements of Pa.R.App.P. 2119(f), as interpreted in *Commonwealth v. Tuladziecki, supra,* were procedural and not jurisdictional. As such, a failure to comply with the rule could be and was waived by an appellee who failed to challenge the procedural defect in the appellant's brief. Where such a waiver had occurred, we held, the Superior Court would determine for itself, without benefit of a Rule 2119(f) statement in appellant's brief, whether there was a "substantial question" that the sentence imposed was inappropriate. *Id.*

■ Imposition of a proper sentence is vested in the sound discretion of the trial court, whose exercise thereof

will not be disturbed unless the sentence imposed exceeds statutory limits or is manifestly excessive. See: *Commonwealth v. Plank*, 498 Pa. 144, 145, 445 A.2d 491, 492 (1982); *Commonwealth v. Townsend*, 497 Pa. 604, 606, 443 A.2d 1139, 1140 (1982); *Commonwealth v. Scarborough*, 313 Pa.Super. 521, 533, 460 A.2d 310, 316 (1983). However, a sentencing court is required to adhere to duly enacted legislative mandates and must place on the record the reasons for the sentence which it has imposed. See: *Commonwealth v. Riggins*, 474 Pa. 115, 122, 377 A.2d 140, 143 (1977); *Commonwealth v. Yacoubian*, 339 Pa.Super. 413, 426, 489 A.2d 228, 234 (1985); *Commonwealth v. Kane*, 315 Pa.Super. 212, 221, 461 A.2d 1246, 1250–1251 (1983).

■ In the instant case the sentencing court considered appellant's personal history, his employment as a cook, his prior criminal records in Delaware and Montgomery Counties, his alcoholism, his refusal to cooperate in the treatment of his addiction, and the fact that probation had not served its rehabilitative purpose.[1] Our examination of the record, contrary to appellant's contention, does not disclose that there is a "substantial question that the sentence [was] not appropriate." Therefore, we decline to review further the discretionary aspects of the sentence imposed by the trial court.

Appeal disallowed.

OLSZEWSKI and HOFFMAN, JJ., file a concurring opinion.

OLSZEWSKI, Judge, concurring:

Given the decision by this Court in *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987) (*en banc*), I am duty bound to join in the Opinion by Judge Wieand. I write separately merely to restate my position on the proce-

---

1. The validity of the sentencing guidelines is not an issue in this appeal; and, therefore, the decision of the Supreme Court in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987) is not implicated.

dural issue raised by *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

It is my belief that where an appellant fails to comply with Pa.R.Civ.P. 2119(f), we may, as an exercise of our discretionary power, decline to excuse the procedural violation. Where, as here, the waiver of a procedural violation results in a prohibited *post hoc* determination of the merits of a discretionary aspect of sentencing, *see Commonwealth v. Tuladziecki*, 513 Pa. at 511, 522 A.2d at 19, we should not take it upon ourselves to determine whether there exists a substantial question regarding a discretionary aspect of sentencing. *See Commonwealth v. Rivera*, 365 Pa.Super. 361, 363 n. 1, 529 A.2d 1099, 1100 n. 1 (1987) (Opinion by Olszewski, J.). Nonetheless, because this position has not been accepted by the Court, I agree with Judge Wieand that we must disallow this appeal.

HOFFMAN, Judge, concurring:

In light of the recent decision by this Court, sitting en banc, in *Commonwealth v. Krum*, 367 Pa.Superior Ct. 511, 533 A.2d 134 (1987), I am constrained to join in Judge Wieand's Opinion.

For the reasons I have set forth in *Commonwealth v. Zeitlen*, 366 Pa.Superior Ct. 78, 530 A.2d 900 (1987) and *Commonwealth v. Rivera*, 365 Pa.Superior Ct. 361, 364, 529 A.2d 1099, 1100 (1987) (HOFFMAN, J., Concurring), it remains my opinion that the better course in these cases is to allow appellants to supplement their briefs to provide a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). In *Commonwealth v. Krum*, however, this Court, sitting en banc, held that an appellant's failure to comply with the requirements of *Tuladziecki*, if not objected to by the appellee, is a waivable procedural violation. *Commonwealth v. Krum, supra* 367 Pa.Superior Ct. at 518, 533 A.2d at 138.

Despite my reservations, I am bound by the majority view in *Krum*, which has been echoed so forcefully by Judge Wieand in the instant case. Moreover, my primary concern at this point is in ensuring that similarly situated appellants in these cases be afforded the same treatment. I hope that the decision in *Krum* will put an end to the disparate treatment that appellants have received in this Court since the Supreme Court's decision in *Tuladziecki*. Accordingly, I join in Judge Wieand's determination that, in the instant case, the Commonwealth's failure to object to the defect in appellant's brief operates as a waiver of the defect. Moreover, turning to the specific claim raised by appellant, I also join in Judge Wieand's determination that, upon examination of the record, appellant has failed to raise a substantial question regarding the appropriateness of his sentence. I therefore agree that we must disallow the appeal.