J-S06001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH L. MILLER, | |
| Appellant | No. 3014 EDA 2012 |

Appeal from the Judgment of Sentence Entered September 21, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0501021-2004

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 18, 2015**

Appellant, Joseph L. Miller, appeals from the September 21, 2012 judgment of sentence of one to three years' incarceration, imposed after the trial court revoked his probationary sentence based on his failure to pay for a required polygraph test.  Appellant argues that the court erred by failing to consider his ability to pay the cost of that test, and by imposing a term of incarceration without considering alternatives to imprisonment.  We affirm.

The trial court set forth the facts and procedural history of this case as follows:

> [Appellant] entered a negotiated guilty plea on January 11, 2007[,] to Indecent Assault and Corrupting the Morals of a Minor.  Having previously been determined to be a Sexually Violent Predator, [Appellant] was sentenced to two and a half to

---

[*] Former Justice specially assigned to the Superior Court.

five years' incarceration to be followed by five years of probation.

…

[Appellant] first violated his probation in 2010. At that time, he was detained because he moved without permission and was unsuccessfully discharged from sex offender treatment. One of the reasons [Appellant] was discharged was that he failed to take a polygraph test even though his treatment program had agreed to lower the number of required tests per year from two to one due to [Appellant's] financial situation. On November 8, 2010, this Court revoked [Appellant's] probation and imposed a new probationary sentence of five years.

In February of 2012, [Appellant] admitted during treatment that two children were staying overnight at the house where [he] was also staying. [Appellant] explained that the house was his mother's and that the children were guests of his mother; [Appellant] lived at the house because his mother was bedridden and he acted as her caretaker. [Appellant] also admitted that a nine month old had visited the home[1].

[1] To his credit, it was [Appellant] who volunteered this information to his probation officer. However, the revocation of his probation [was] not due to the presence of children in [Appellant's] home; rather, it [was] due to [Appellant's] refusal to even attempt to comply with the polygraph requirement imposed on him as a condition of probation.

At this point, it also became evident to [Appellant's] probation officer, Claudia Gonzalez, that [Appellant] had for some reason never taken a polygraph test (a condition of treatment and a condition of this Court's previous [violation of probation] sentence) and [he had] not saved any money at all toward the one polygraph test per year that was required of him. Gonzalez noted that she and her colleagues and supervisor had repeatedly instructed [Appellant] to save some money toward the test, that he had not attempted to do so, and that he showed "no motivation to comply with probation or with treatment."

Trial Court Opinion (TCO), 7/17/13, at 1-2 (unnumbered; citation to the record omitted).

On July 20, 2012, the trial court conducted a revocation of probation hearing, at the conclusion of which it revoked Appellant's probationary sentence. On September 21, 2012, the court sentenced Appellant to a term of one to three years' incarceration. He filed a timely motion for reconsideration of his sentence, which was denied. Appellant then filed a timely notice of appeal. Herein, he raises one issue for our review: "Did not the [trial] court abuse its discretion by revoking [A]ppellant's probation and incarcerating him for failure to pay the cost of a therapeutic polygraph [test] when it was clear that he lacked the financial ability to pay and the court did not consider available alternatives to incarceration?" Appellant's Brief at 2.

Appellant's argument entails two distinct claims. First, he maintains that the trial court erred by revoking his probation based on his failure to pay the cost of a polygraph test, where the court did not initially assess Appellant's ability to pay that fee. Second, Appellant argues that the court abused its discretion by imposing a term of incarceration without considering other alternatives, such as "a structured payment plan" or "occupational training with an eye toward employment…." Appellant's Brief at 10-11.

Initially, Appellant's contention that the court failed to consider other alternatives to a term of incarceration constitutes a challenge to the discretionary aspects of his sentence.[1] It is well-settled that,

---

[1] *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (finding the appellant's claim that the court erred by imposing a sentence of
*(Footnote Continued Next Page)*

issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (internal citation and quotation marks omitted). Here, Appellant did not assert at the sentencing hearing, or raise in his written post-sentence motion, that the sentencing court abused its discretion by imposing a term of incarceration without considering the options of a payment plan or occupational training. Appellant also fails to present a Pa.R.A.P. 2119(f) statement explaining why this issue constitutes a substantial question for our review. Accordingly, we conclude that Appellant's challenge to the discretionary aspects of his sentence is waived.

Appellant also claims that the court improperly revoked his sentence of probation based on his failure to pay the cost of a required polygraph test without first considering his ability to pay that fee. In support of his assertion that the court was required to conduct such an assessment, Appellant relies on *Bearden v. Georgia*, 461 U.S. 600, 672 (1983) (holding

*(Footnote Continued)* ———————————

total confinement for technical violations of probation constituted a challenge to the discretionary aspects of the sentence); *Commonwealth v. Rivera*, 529 A.2d 1099, 1099-1100 (Pa. Super. 1987) (considering a claim that the trial court abused its discretion by failing to consider the alternatives to incarceration as a challenge to the discretionary aspects of sentence), *abrogated on other grounds by Commonwealth v. Krum*, 533 A.2d 134 (Pa. Super. 1987).

"that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment"), and ***Miller v. Pennsylvania Bd. of Prob. and Parole***, 784 A.2d 246, 248 (Pa. Cmwlth. 2001) (holding "that where a technical violation of parole arises because of a failure to pay for treatment, then the burden is on the parolee to demonstrate his inability to pay. Upon proof of this inability, the burden then shifts to the Board to prove that the parolee was somewhat at fault by failing to take sufficient bona fide efforts to acquire or save the necessary resources to pay for treatment").

We agree with Appellant that under ***Bearden***, the trial court was required to assess Appellant's ability to pay the cost of the polygraph test prior to revoking his probation for failing to pay that amount. ***See Commonwealth v. Eggers***, 742 A.2d 174, 175 176 (Pa. Super. 1999) (stating that the holding of ***Bearden*** "has been interpreted by this court as requiring the revocation court to inquire into the reasons for a defendant's failure to pay and make findings pertaining to the willfulness of the party's omission") (citing ***Commonwealth v. Dorsey***, 476 A.2d 1308, 1312 (Pa. Super. 1984)). However, we disagree with Appellant's claim that the court failed to do so in this case.

Preliminarily, the trial court was aware that Appellant's 2010 violation of his probation was based, in part, on his failure to pay for a polygraph test, "even though his treatment program had agreed to lower the number of required tests from two to one due to [Appellant's] financial situation." TCO at 1-2 (unnumbered). At the July 20, 2012 revocation hearing, the court was informed that in late February of 2012, Appellant was again instructed to take a polygraph test, the cost of which was approximately $350. N.T., 7/20/12, at 22-23. Appellant's counsel acknowledged that Appellant "gets welfare" in the amount of $205 per month. *Id.* at 22. The court was also informed that Appellant had been living with his mother in a house she owned, and had continued to live there after his mother died on May 1, 2012. *Id.* at 8-9. Appellant testified that in the months of March and April of 2012, he had saved "[a]bout $100" toward the cost of the polygraph test, but claimed that he had to spend that money on funeral costs when his mother died. *Id.* at 15, 18. Appellant did not offer any evidence regarding bills or other expenses he had to pay with his monthly $205 welfare check.

Based on this testimony, the trial court found that Appellant was *not* able to pay the entire cost of the polygraph test at one time. TCO at 3 (unnumbered). However, the court went on to conclude that Appellant

> has failed to [make] sufficient bona fide efforts to acquire or save the resources to pay for treatment. The presentence report and probation summary confirm that over the years, [Appellant]

has refused to save any amount of money toward a polygraph test[,][2] despite having concessions made for his financial situation and being given numerous opportunities to show that he was attempting to comply with the terms of probation.

*Id.* at 4.

Based on this record, we reject Appellant's claim that the court failed to consider his ability to pay the cost of the polygraph test. The court heard information about Appellant's welfare income, his living arrangements, and his testimony that he was able to save money toward the polygraph test prior to his mother's death. The court ultimately conceded that Appellant was not able to pay the entire sum of the test at one time, but found that Appellant had made no genuine effort to save the money to pay for that test, despite being given ample time and opportunity to do so. We ascertain no abuse of discretion in the court's decision to revoke Appellant's probationary sentence after considering these facts. ***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa. Super. 2014) ("Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.").

Judgment of sentence affirmed.

Judge Lazarus joins this memorandum.

_____

[2] The record indicates that the trial court disbelieved Appellant's testimony that he had saved $100 prior to his mother's death, which he spent on her funeral costs. ***See*** N.T. Hearing, 7/20/12, at 22-23.

Justice Fitzgerald files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/2015