J-S59006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE RAY, | : | |
| | : | |
| Appellant | : | No. 2078 EDA 2013 |

Appeal from the Judgment of Sentence Entered February 12, 2013,
In the Court of Common Pleas of Bucks County,
Criminal Division, at No. CP-09-CR-0006853-2012.

BEFORE:  SHOGAN, J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 21, 2014**

Maurice Ray ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to robbery, aggravated assault, simple assault, terroristic threats, resisting arrest, theft by unlawful taking, and receiving stolen property.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the factual and procedural history of this case as follows:

 *Retired Senior Judge assigned to the Superior Court.

On September 21, 2012, Detective Thomas Jackson and Daniel Errigo of the Bensalem Police Department responded to the Fulton Bank located at 2100 Street Road in Bensalem for the report of a robbery. It was reported that a black male wearing a white ski hat, sunglasses, and a tan or plaid shirt handed the teller a note saying he had a gun. The note read put the money in the bag, I have a gun. The teller was extremely scared and proceeded to put the money inside a bag that Appellant gave her and gave it back to him. Appellant then fled the bank out the east doors. N.T. 4/5/13, pp. 4–5.

A canine track led to the McDonald's located on Street Road in Bensalem. Bensalem Officers Hill, Bailey, Deppenschmidt, and Corporal Schwartz, along with a Bristol canine officer and the canine located Appellant in the McDonald's. As officers attempted to detain him, Appellant shoved Corporal Schwartz and other officers out of the way in an attempt to flee. In a further attempt to elude police, Appellant threw metal chairs at the officers, one of which struck the Bristol officer and the canine. N.T. 4/5/13, p. 5.

A black nylon bag containing a large amount of cash was recovered from the area where Appellant was sitting. Two of the employees from the bank were brought to the scene and identified Appellant as the subject who had robbed the bank. Appellant was interviewed at headquarters, and he admitted to robbing the bank. He stated that [he] had written a note a couple of hours earlier and had watched the bank for a couple of hours before committing the robbery. N.T. 4/5/13, pp. 5–6.

Appellant pled guilty on November 29, 2012 and sentence was imposed on February 12, 2013. At both the Sentencing Hearing and Reconsideration Hearing, defense counsel presented evidence of Appellant's difficult childhood and lack of family support. Defense counsel also presented evidence that [Appellant] had no permanent home, and had recently lost a job at a restaurant. In determining the appropriate sentence, this Court took into consideration the mitigating evidence presented by Appellant. However, we also considered the protection of the public, Appellant's need for rehabilitation, the gravity of the particular offense as it relates to the impact on the victim and the community, and the sentencing guidelines.

* * *

Accordingly, Appellant was sentenced to four (4) to eight (8) years in a state correctional institution.

Appellant filed a Post-Sentence Motion for Reconsideration of Sentence on November [sic] February 26, 2013. After entertaining the arguments of counsel on April 5, 2013, we denied [Appellant's] Post-Sentence Motion. On July 1, 2013, this Court granted Appellant's Motion to reinstate direct appeal rights Nunc Pro Tunc. On July 19, 2013, Appellant filed a Notice of Appeal. On July 30, 2013, Appellant was directed to file a Concise Statement of Matters Complained of on Appeal and did so August 13, 2013.

Trial Court Opinion, 8/29/13, at 2–4.

Before we address the questions raised on appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates require counsel to:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious examination of the record. Following that review, counsel concluded that the present

appeal is wholly frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is included with the **Anders** brief. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Upon review, we conclude that counsel's brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case, cites to the record, and refers to issues that counsel arguably believes support the appeal. **Anders** Brief at 5-8. Further, the brief sets forth counsel's conclusion that the appeal is frivolous, and it contains pertinent case authority and counsel's reasons for concluding that the appeal is frivolous. **Id**. at 9–15.

We are satisfied that counsel has met the requirements set forth in *Cartrette*; therefore, we now address the issues raised in the *Anders* brief, which are set forth below:

1. Did the sentencing court abuse its discretion in imposing its sentence?

2. Whether a petition to withdraw as counsel and request for dismissal of an appeal should be granted where counsel has diligently investigated the possible grounds for appeal and finds the appeal frivolous?

*Anders* Brief at 4 (full capitalization omitted; reordered for ease of disposition).

Appellant contends that the sentence imposed was an abuse of the trial court's discretion. Such a claim challenges the discretionary aspects of the sentence, and it is well-settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the

-5-

> issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. **Id**. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted).

Herein, the first three requirements of the four-part test are met; Appellant brought an appropriate appeal, raised the challenge in his post-sentence motions, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal

pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

Specifically, in his Pa.R.A.P. 2119(f) statement, Appellant claims that:

the lower court failed to consider mitigating factors which it must in order to make the sentence reasonable. A claim that the sentencing court imposed a "clearly unreasonable" sentence, presents a substantial question and is reviewable on appeal. *See Commonwealth v. Drumgoole*, 341 Pa. Super. 468, 491 A.2d 1352 (1985).

***Anders*** Brief at 12–13.

We conclude that Appellant's claim challenging the weight afforded to certain mitigating factors does not raise a substantial question that his low-standard-range sentence is inappropriate. An allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review. ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013); ***Commonwealth v. Rhoades***, 8 A.3d 912, 918–919 (Pa. Super. 2010). Because Appellant's concise statement fails to raise a substantial question, he is not entitled to relief on his sentencing claim.[1]

---

[1] We note that the record belies Appellant's sentencing challenge. The trial court had the benefit of counsel's advocacy and Appellant's testimony regarding his troubled childhood, his prior record, programs he participated in while incarcerated, his hunger, desperation, and mental health, his unemployment, his lack of family support and housing. N.T. (Sentencing),

Insomuch as Appellant's claim does not warrant relief, we answer the second question presented affirmatively. Following our independent review of the record, we conclude that Appellant's appeal is wholly frivolous, and we affirm the judgment of sentence. Moreover, as we agree with counsel's assessment of the appeal, and because we conclude that counsel has satisfied the requirements for withdrawal, we grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

---

2/12/13, at 5–21; N.T. (Reconsideration), 4/5/13, at 7–15. In disposing of Appellant's sentencing challenge, the trial court opined as follows:

> Appellant pled guilty to Count 1-Robbery, a first-degree Felony, with a prior record score of 4 and an Offense Gravity Score of 10. The sentencing guidelines call for forty-eight to sixty months in the standard range, seventy-two months in the aggravated range. Appellant received a sentence in the low end of the standard range of four (4) to eight (8) years. Appellant received no further penalty on the remaining counts. It is apparent from the record that this Court took into account the mitigating evidence presented by [Appellant], in addition to considering the other necessary factors to reach the appropriate sentence.

Trial Court Opinion, 8/27/13, at 6.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014