**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD MULIEK KEARNEY | : | |
| | : | |
| Appellant | : | No. 174 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 6, 2020,
in the Court of Common Pleas of Fulton County,
Criminal Division at No(s):  CP-29-CR-0000211-2011.

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: MARCH 10, 2022**

Richard Muliek Kearney appeals from the judgment of sentence imposed following resentencing on his burglary conviction and related offenses. Additionally, Kearney's counsel filed a petition to withdraw representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967), to which Kearney responded *pro se*.  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

Briefly, the relevant facts follow.  On the evening of June 29, 2011, around dusk, Travis Smith and Vicki Vance were sitting on the front porch of Smith's cabin.  They saw Vance's father's truck approaching.  Smith had a "bad feeling," went inside, upstairs, and picked up a machete, hatchet, and an axe.  Vance stood in the doorway of the cabin.  Kearney, along with two

_____

[*] Retired Senior Judge assigned to the Superior Court.

others, got out of the truck and approached Vance. Kearney pulled a pistol, pointed it at her stomach, and said "Where's Travis?" Vance said he was upstairs, and she stepped aside. Kearney, with his gun drawn, went inside. He then demanded money from Smith for his drugs with the gun pointed at him. Smith threw the axe down, and Kearney fled. Kearney was later arrested.

Following a bench trial on October 11, 2012, the court found Kearney guilty of burglary, criminal trespass, and two counts of simple assault by physical menace. The trial court sentenced Kearney on December 18, 2012, to a term of 60 to 120 months' incarceration for the burglary conviction, to run consecutive to another, previously imposed sentence. The remaining convictions merged with his burglary conviction for sentencing purposes. Kearney appealed to this Court.

In a consolidated opinion filed May 6, 2014, the Superior Court affirmed Kearney's judgment of sentence. The Pennsylvania Supreme Court denied allowance of appeal.

Years later, Kearney filed a Post-Conviction Relief Act ("PCRA"),[1] petition. On January 27, 2020, the court determined that the initial sentence for Kearney's burglary conviction imposed a mandatory minimum that was improper under **Alleyne v. United States**, 570 U.S. 99 (2013).

---

[1] 42 Pa.C.S.A. §§ 9541-9546

Consequently, the court granted Kearney's PCRA petition in part and scheduled resentencing.

Ultimately, the trial court resentenced Kearney on August 6, 2020, to 54 to 120 months' incarceration on his burglary conviction. Again, the sentence was to commence at the expiration of another sentence. The charges of criminal trespass and simple assault merged with burglary for sentencing purposes. Notably, this sentence included application of the deadly weapon used enhancement.

Kearney filed a *pro se* post-sentence motion. After various requests for new counsel, and Kearney's requests to remove counsel, the trial court proceeded on Kearney's *pro se* motion and denied it. Subsequently, the court appointed new counsel to assist Kearney with his appeal.

Kearney filed this timely appeal. Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Kearney filed a *pro se* response to the **Anders** brief.

When counsel files an **Anders** brief, and the appellant files a *pro se* or counseled response, this Court will first determine whether counsel has complied with the dictates of **Anders** and **Santiago**. **See Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining proper procedure where counsel files **Anders** brief and appellant files *pro se* response). If counsel has complied with the dictates of **Anders** and **Santiago**, we will address the issues raised in the **Anders** brief and conduct our independent examination of the record as to those issues. **See Bennett**. If we determine

those issues have no merit, we will then examine the appellant's *pro se* allegations. ***See id. In doing so, "[this] Court is limited to examining only those issues raised and developed in the [brief; we] do not act as, and are forbidden from acting as, appellant's counsel." Id.*** (emphasis added). Notably, we do not conduct an independent review to determine whether there are any other nonfrivolous issues. ***Contra Commonwealth v. Dempster***, 187 A.3d 266 272 (Pa. Super. 2018) (where the appellant does not file a *pro se* or counseled response and this Court conducts a simple independent review of the record to determine if there are any nonfrivolous issues counsel may have overlooked).

With this procedure in mind, we consider counsel's ***Anders*** brief. Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, counsel has substantially complied with each of the requirements of *Anders*. Counsel indicated that he reviewed the record and concluded that Kearney's appeal is frivolous. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Kearney stating counsel's intention to seek permission to withdraw and advising Kearney of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review of the issue raised in the *Anders* brief to determine whether Kearney's appeal is wholly frivolous.

In the *Anders* brief, counsel sets forth one issue that Kearney wished to raise:

1. The [t]rial [c]ourt abused its discretion in applying the deadly weapons enhancement [to his burglary conviction] when no notice was given in charging documents and no rational basis was given

on the record at sentencing or allowance of rebuttal by [Kearney] for the deviation in the sentencing guideline range.

*Anders* Brief at 8.  We observe that Kearney raises a similar issue in his *pro se* response to the *Anders* brief.[2]  *See Pro Se* Response to *Anders* Brief, at 4.  Therefore, we will consider them together.

Application of the deadly weapon enhancement implicates the discretionary aspects of Kearney's sentence.  Such a challenge is not appealable as of right.  This Court has stated that challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right.  *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).  Further, we have explained that to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four

_____

[2] Kearney's issue is as follows:

> Whether it is required that the use or possession of a deadly weapon be specified at each individual conviction count for which the court seeks to invoke the deadly weapon enhancement, and if so, whether remand is necessary at count one burglary as the court relied upon erroneous recommendations, and applied the deadly weapon enhancement despite neither the criminal complaint nor the criminal information specifying that a deadly weapon was used or possessed regarding the individual conviction count of burglary?

requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Kearney satisfied the first three factors of ***Colon***.  Further, this Court has found that application of the deadly weapon enhancement presents a substantial question.  ***See e.g. Commonwealth v. Rhodes***, 8 A.3d 912 (Pa. Super. 2010); ***Commonwealth v. Kneller***, 999 A.2d 608, 613 (Pa. Super. 2010).  Therefore, we will address the merits of his sentencing claim.

Specifically, Kearney claims that he should have been given prior notice of the application of the deadly weapon enhancement.  According to Kearney the charging documents and information should have reflected that the deadly weapon enhancement would apply; however, the only charge that referenced the use of a gun was simple assault.  ***Anders*** Brief at 12, 16; *Pro Se* Response at 11.  Kearney further claims that neither the application of the deadly weapon enhancement nor the basis for its application was addressed on the record.  ***Anders*** Brief at 12, 15; *Pro Se* Response at 11.  Consequently, Kearney maintains he could not rebut its application.[3]

_____

[3] Kearney also claims that the evidence did not justify application of the deadly weapon enhancement.  Kearney maintains that the evidence did not demonstrate that **he** was the one that had the gun.  The evidence also did not show that the gun was used during the commission of the burglary but instead only that the gun was used after the burglary was completed.  Therefore, according to Kearney, the trial court erred when it applied the deadly weapon enhancement to his sentence.  Kearney's *Pro Se* response 11, 15.  However,
*(Footnote Continued Next Page)*

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely to be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shull*, 148 A.3d 820, 832 (Pa. Super. 2016).

The deadly weapon enhancement applies when a defendant uses a deadly weapon during the commission of the offense. 204 Pa. Code § 303.10(a)(2). In pertinent part, a defendant uses a deadly weapon if he threatens or injures another person with "[a]ny firearm (as defined in 42 Pa. C.S. § 9712) whether loaded or unloaded." 204 Pa. Code § 303.10(a)(2)(i). The burden of proof in determining whether the deadly weapon enhancement applies is a preponderance of the evidence. *Commonwealth v. Ellis*, 700 A.2d 948, 959 (Pa. Super. 1997). Circumstantial evidence may prove the use of a deadly weapon. *Commonwealth v. McKeithan*, 504 A.2d 294 (Pa. Super. 1986).

_____

we observe that Kearney did not raise these arguments with the trial court in his post-sentence motion. Therefore, we will not consider them.

When the court determines that the defendant used a deadly weapon during the commission of a criminal offense, the court must adjust the basic guideline sentence that would otherwise have been applicable, as follows:

> (6) The [deadly weapon enhancement]/Used Matrix (§ 303.17(b)) is based on the following enhancement of the basic sentencing recommendations:
>
> > (i) For OGS 1--OGS 4, six months is added to the lower and upper limits of the standard range
> >
> > (ii) For OGS 5--OGS 8, 12 months is added to the lower and upper limits of the standard range
> >
> > (iii) For OGS 9--OGS 14, 18 months is added to the lower and upper limits of the standard range

204 Pa. Code § 303.10. The sentencing court may not disregard this section in determining the appropriate guideline sentencing ranges. ***See Commonwealth v. Septak***, 518 A.2d 1284, 1286 (Pa. Super. 1986); ***Commonwealth v. Drumgoole***, 491 A.2d 1352, 1355 (Pa. Super. 1985). It is imperative that the sentencing court determine the correct starting point in the guidelines before imposing sentence. ***See Septak***, 518 A.2d at 1287; ***Drumgoole***, 491 A.2d at 1355. If the court then finds it appropriate to sentence outside the guidelines, of course, it may do so as long as it places its reasons for the deviation on the record. ***See*** 42 Pa.C.S.A. § 9721(b); ***Commonwealth v. Rich***, 572 A.2d 1283, 1284-86 (Pa. Super. 1990).

First, we observe that, contrary to Kearney's claim, there is no requirement that he be given advance notice of the potential for the application of the deadly weapon enhancement. ***See Septak***, 518 A.2d at

1286. Notably, Pennsylvania Rule of Criminal Procedure 560, Information: Filing, Contents, Function, does not require that such notice be given. *See* Pa. R. Crim. P. 560. Notwithstanding this, we observe that the affidavit of probable cause in this case indicated that Kearney pointed his gun at both Vance and Davis, the detailed circumstances of which were presented at trial before the court.

Further, we observe that, contrary to Kearney's claim, the trial court made it clear to Kearney that it was applying the deadly weapon enhancement to his sentence and explained why during the resentencing hearing for his burglary conviction. The trial court observed that an OGS of 9, and prior record score of 2 applied. The standard range sentence, which Kearney asked the court to impose, was 24 to 36 months. With the application of the deadly weapon enhancement, the court indicated on the record that the mitigated range was 30, standard range of 42 to 54, aggravated range of 66. The maximum penalty was 20 years. Considering the guidelines, the probation department recommended a sentence of 54 to 120 months. Since Kearney did not have an opportunity to review the presentence report, the court told Kearney that it was the same as the one at his original sentence but without certain prior charges which were subsequently dismissed. N.T. 8/6/20, at 5, 7-8.

Before imposing its sentence, the court told Kearney that it could not impose the standard range sentence he requested. *Id.* at 9.

> I don't believe the deadly-weapon enhancement is something that the [c]ourt has discretion. If it applies, I believe it applies. So I don't think that's a discretionary issue with the Court. I think that as a, [j]udge, [I] have to consider the facts and apply the correct standard range . . .

*Id.* at 9-10. The court then reiterated the guidelines with the deadly weapon enhancement. *Id.* at 10. The court further indicated that it recalled the evidence presented during the trial over which it presided. Kearney pointed a gun at Vance to gain entry to Smith's cabin. The court particularly noted that this offense involved threats of violence and had significant effects on those individuals who were victimized, including Smith and Vance. *Id.* at 11.

Based upon the foregoing, we conclude that the trial court did not error in applying the deadly weapon enhancement. Kearney's sentencing claim is frivolous.

Consequently, we conclude that neither counsel nor Kearney has identified any non-frivolous issues for us to address on appeal. Accordingly, we affirm Kearney's judgment of sentence and grant counsel's application to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2022

- 11 -